UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARILYN KUNELIUS,

    Plaintiff,

v.

TOWN OF STOW, et al.

    Defendants.

Civil Action No. 05-11697-GAO

### MOTION TO DISMISS OF DEFENDANTS
### THE TRUST FOR PUBLIC LAND,
### CRAIG A. MACDONNELL, AND THE TOWN OF STOW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants The Trust for Public Land ("TPL"), Craig A. MacDonnell, in his individual capacity, and the Town of Stow ("Town")[1] hereby move to dismiss the Complaint of plaintiff Marilyn Kunelius ("Kunelius") in its entirety.

As background, this lawsuit arises out of the proposed sale of land owned by Kunelius. Kunelius entered into a Purchase and Sale Agreement ("Agreement") with Cohousing Resources, LLC, a land developer, in October, 2002. Because the land to be sold was valued and assessed under Chapter 61 of the Massachusetts General Laws, the Town of Stow had a right of first refusal to purchase the land. The Town voted to assign its statutory right of first refusal to the Trust for Public Land, a nonprofit conservation organization, as provided under the terms of Chapter 61. TPL accepted that assignment and stepped into the shoes of the Buyer in the Agreement. However, after paying thousands of dollars in deposits required under the

---

[1] In addition to naming TPL and the Town separately, the Complaint names as a defendant "A Partnership of Unknown Name Between Town of Stow and The Trust for Public Land." As no such entity exists, all claims against this unknown entity must be dismissed summarily.

Agreement, TPL found itself unable to raise the money necessary to fund the project and was unable to complete its purchase of the Property. Kunelius now alleges that TPL's failure under the Agreement violated state and federal law and seeks, *inter alia*, specific performance of the Agreement along with monetary damages, interest, costs, and attorney's fees.

As a matter of law, Kunelius's claims fail for the following reasons, set forth in greater detail in the accompanying Memorandum of Law:

*First*, when the Town voted to assign its right of first refusal to TPL and TPL agreed to accept that assignment and exercise the right, TPL stepped into the shoes of the Buyer in the Purchase and Sale Agreement. That Agreement, entered into and signed by Kunelius, contains a liquidated damages provision specifying Kunelius's *sole* damages in equity and law in the event the Buyer failed to perform. Specifically, that provision limited Kunelius's damages for any failure to perform by the Buyer to the deposits paid under the Agreement. Kunelius has received and retained deposits totaling thousands of dollars from TPL as her liquidated damages per the Agreement. That provision should be enforced under the laws of the Commonwealth of Massachusetts and Kunelius must be bound to the terms of the very contract into which she entered.

*Second*, to the extent Kunelius suggests that TPL was bound to perform under the Purchase and Sale Agreement when it accepted assignment of the right of first refusal under Chapter 61, Kunelius's position finds no support in the statute or case law. Indeed, to suggest that there is some greater obligation to guarantee performance in an assignment pursuant to Chapter 61 would eviscerate the meaning of the statute and have a chilling effect on conservation efforts across Massachusetts.

*Finally*, the remainder of Kunelius's claims all fail. No matter how Kunelius styles the counts in her Complaint, the dispute boils down to an alleged breach of contract for which the only remedy is the remedy contracted for by the plaintiff—the liquidated damages. Moreover, Kunelius's remaining state and federal claims all warrant dismissal either as a matter of law or for failure to allege sufficient facts to support claims upon which relief can be granted.

For these reasons, and the reasons set forth in the accompanying Memorandum of Law, the Trust for Public Land, Craig A. MacDonnell, and the Town of Stow respectfully request that this Court enter an order dismissing Kunelius's Complaint with prejudice.

## REQUEST FOR ORAL ARGUMENT

Defendants the Trust for Public Land, Craig A. MacDonnell, and the Town of Stow believe that oral argument may assist the Court and wish to be heard. Accordingly, Defendants request that the Court grant a hearing on this Motion pursuant to Local Rule 7.1(D).

Respectfully submitted,

| | |
|---|---|
| THE TOWN OF STOW | THE TRUST FOR PUBLIC LAND |
| By its attorneys, | By its attorneys, |
| /s/ Deborah I. Ecker<br>Deborah I. Ecker, Esq. (BBO # 554623)<br>Brody Hardoon Perkins & Kesten LLP<br>One Exeter Plaza<br>Boston, MA 02116<br>(617) 880-7100 | /s/ Dahlia S. Fetouh<br>Richard A. Oetheimer (BBO # 377665)<br>Dahlia S. Fetouh (BBO # 651196)<br>Goodwin Procter LLP<br>Exchange Place<br>Boston, MA 02109<br>(617) 570-1000 |

CRAIG A. MACDONNELL,

By his attorneys,

/s/ James B. Conroy
Peter E. Gelhaar (BBO # 188310)
James B. Conroy (BBO # 096315)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
(617) 720-2880

Dated: September 29, 2005

### LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Dahlia S. Fetouh, hereby certify that I conferred in good faith with counsel for plaintiff in an attempt to resolve or narrow the issues presented in this motion prior to filing, and that we were unable to resolve or narrow the issues.

/s/ Dahlia S. Fetouh
Dahlia S. Fetouh

LIBA/1584009.1

4