UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARILYN KUNELIUS,

        Plaintiff,

  v.

TOWN OF STOW, et al.

        Defendants.

Civil Action No. 05-11697-GAO

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS

    Defendants The Trust for Public Land ("TPL"), Craig A. MacDonnell, and the Town of Stow ("Town") submit this Memorandum in Opposition to plaintiff's Motion to Strike Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(f) ("Motion to Strike").

    Plaintiff asks the Court for the extreme remedy of denying defendants' Motion to Dismiss or striking portions of the Motion to Dismiss simply because defendants included two paragraphs in their Memorandum of Law in Support of Their Motion to Dismiss ("Memorandum of Law") that went beyond the facts included in the Complaint. Despite the fact that defendants explicitly stated that these facts were provided solely as context to aid the Court and were not material to the arguments made in the Motion to Dismiss, plaintiff calls the inclusion of these paragraphs "inexcusable," "impertinent," and "scandalous." Plaintiff's hyperbole does not suffice to meet the standard for a Rule 12(f) motion to strike.

    Plaintiff's motion to strike lacks merit and should be denied. As a preliminary matter, the vehicle of a Rule 12(f) motion to strike is not even available against motions to dismiss. Rule

12(f) is limited to pleadings as defined in Rule 7(a). But even assuming Rule 12(f) were applicable, plaintiff's motion to strike must be denied. Plaintiff has not demonstrated how the limited inclusion of these background facts caused her any prejudice. The Motion to Strike should be denied as the "time waster" it is. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004) (noting that Rule 12(f) motions are often "time wasters" that should be denied unless the "challenged allegations have *no possible* relation or logical connection to the subject matter of the controversy and may cause some form of *significant* prejudice to one or more of the parties to the action") (emphasis added).

## DISCUSSION

**I.     Rule 12(f) Does Not Apply to Motions.**

Rule 12(f) allows motions to strike material from a "pleading," which Rule 7(a) defines only as the complaint, answer, reply to counterclaim, answer to cross-claim, third-party complaint, and third-party answer. Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 12(f). Rule 12(f) does not apply to dispositive motions. *See Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997) (holding that Rule 12(f) applies only to pleadings and thus not to motions for summary judgment), abrogated on other grounds by *Crowley v. L.L.Bean, Inc.*, 303 F.3d 387 (1st Cir. 2002); *see also Manchester Mfg. Acquisitions, Inc. v. Sears, Roebuck & Co.*, 909 F. Supp. 47, 55 (D.N.H. 1995) (holding that motions are not pleadings and therefore are not subject to being stricken). As a result, plaintiff's motion falls outside the provisions of Rule 12(f) and should be denied on that basis alone.

**II.    Even Assuming Rule 12(f) Allowed Plaintiff's Motion to Strike, It Should Be Denied Because Plaintiff Suffered No Prejudice.**

Assuming arguendo that Rule 12(f) applied to motions to dismiss, plaintiff has not shown any prejudice by defendants' inclusion of limited, contextual background facts at the beginning

of their Memorandum of Law. Although plaintiff attempts to paint the entirety of the Background and Statement of Facts at pages 2 through 7 of defendants' Memorandum of Law as immaterial facts that must be stricken, the Memorandum of Law truly only contains two paragraphs in the Background section that go beyond the facts enumerated in the Complaint and exhibits thereto. Even a cursory review of the Memorandum of Law would have shown plaintiff that the remaining paragraph in the Background section and the entirety of the Statement of Facts are fully supported by citation to statute, the Complaint, and the exhibits to the Complaint.

### A. The Background Section Contains Limited Additional Facts That Do Not Prejudice Plaintiff.

Defendants included a three-paragraph Background section to the Memorandum of Law that was designed solely to provide the Court with context for three subjects that present themselves in the Complaint: TPL, Chapter 61, and the Kunelius Property. This section comprises less than a page and a half of the Memorandum of Law. *See* Memorandum of Law [Docket No. 13] at 2-4. As defendants plainly explain at footnote 2 of the Memorandum of Law:

> The facts set forth in this [Background] section are offered to provide additional context. To the extent they go beyond the allegations in the Complaint, they are not material to the Motion to Dismiss. The material facts are set forth in the Complaint and its exhibits, as recited in the Statement of Facts.

*Id*. at 2 n.2. Knowing that the Court is more than capable of distinguishing these paragraphs from the material facts, defendants chose to include this segregated section as a means of clarifying certain central subjects left undefined by the Complaint.

Indeed, the paragraph on Chapter 61 contains law, not facts, and thus should not be included in the scope of plaintiff's challenge. That paragraph provides a summary of Chapter 61 with citations to the statute. It contains no fact outside of the statute and the Complaint. The remaining two paragraphs of the Background simply explain what TPL does as a nonprofit

3

conservation organization and describe plaintiff's Chapter 61 property.  These basic facts are hardly controversial, let alone prejudicial to plaintiff.   Indeed, they barely expand on facts already included in the Complaint and its exhibits.  *See* Complaint ¶ 13 (providing some description of the Kunelius Property); Complaint Ex. 3 (describing TPL as a nonprofit conservation organization); Complaint Ex. 4 (showing TPL's motto of "Conserving Land for People").  Moreover, plaintiff herself included facts in her Opposition brief that were not in the Complaint or exhibits to the Complaint, and she included no disclaimer similar to the one included by defendants that these facts were not part of the Complaint.  *See* Plaintiff's Opposition Br. [Docket No. 16] at 16 n.1 (adding facts about the views of real estate brokers regarding the Property).

     A motion to strike should not be allowed where the movant has not demonstrated that "prejudice would result if the offending material remained in the pleadings."  *See Ross-Simmons of Warwick, Inc. v. Baccarat, Inc.*, 182 F.R.D. 386, 398 (D.R.I. 1998); s*ee also F.D.I.C. v. Gladstone*, 44 F. Supp.2d 81, 84-85 (D. Mass. 1999) (noting that "[m]otions to strike are generally disfavored").  Plaintiff has not met the burden of showing that the inclusion of two paragraphs describing TPL and the Kunelius Property has caused her prejudice.  As a result, her motion should be denied.

     **B.**    **The Defendants' Statement of Facts Is Entirely Supported by the Record and Contains The Only Facts on Which the Court Need Rely to Grant the Motion to Dismiss.**

Despite the fact that defendants made clear that their Statement of Facts was fully supported by citations to the Complaint and the exhibits to the Complaint, plaintiff lumps defendants' Statement of Facts into the section she challenges and asks this Court to reward her imprecision.  *See* Motion to Strike [Docket No. 17] ¶¶ 3, 9.  Her request is unwarranted as the

defendants' Statement of Facts is entirely supported by citations to facts contained only within the Complaint and its exhibits. *See* Memorandum of Law [Docket No. 13] at 4-7.

Defendants' arguments for dismissal of the Complaint are based solely on the law and the facts pleaded by plaintiff. Defendants' legal arguments rest principally on the terms of the Purchase and Sale Agreement (the "Agreement")—specifically, the liquidated damages provision included at Paragraph 21 of the Agreement, which states that plaintiff's "sole remedy in equity and law" for TPL's failure to perform are the deposits made under the Agreement. The Agreement is included in its entirety as Exhibit 1 to the Complaint. Defendants' arguments also rely on the uncontroverted fact that plaintiff's property is classified as forest land under Chapter 61 which triggered the right of first refusal—a fact included in the Complaint at Paragraphs 13 and 14. Defendants cite the documents surrounding the notice of assignment and exercise of the right of first refusal which all state explicitly that the assignment and exercise were undertaken pursuant to the terms of the Agreement. Those documents are included as Exhibits 2 through 4 to the Complaint. The facts surrounding TPL's attempts at fundraising and plan for the Property are all contained in Exhibits 7, 8, 9, 11, and 12 to the Complaint. These exhibits also include TPL's statements to plaintiff that its attempts to raise money for the purchase had failed and that the liquidated damages provision had been triggered. *See, e.g.,* Exhibit 11 to the Complaint. It is on these facts that defendants rely for their Motion to Dismiss, and each and every one of these facts is supported by reference to the Complaint and/or exhibits to the Complaint.

5

## CONCLUSION

Plaintiff's motion to strike is outside the parameters of Rule 12(f), factually inaccurate, and devoid of support in the law. Accordingly, TPL, MacDonnell, and the Town respectfully request that this Court enter an order denying plaintiff's Motion to Strike Defendants' Motion to Dismiss.

| | |
|---|---|
| THE TOWN OF STOW | THE TRUST FOR PUBLIC LAND |
| By its attorneys, | By its attorneys, |
| /s/ Deborah I. Ecker | /s/ Dahlia S. Fetouh |
| Deborah I. Ecker, Esq. (BBO # 554623) | Richard A. Oetheimer (BBO # 377665) |
| Brody Hardoon Perkins & Kesten LLP | Dahlia S. Fetouh (BBO # 651196) |
| One Exeter Plaza | Goodwin Procter LLP |
| Boston, MA 02116 | Exchange Place |
| (617) 880-7100 | Boston, MA 02109 |
| | (617) 570-1000 |
| | |
| | CRAIG A. MACDONNELL, |
| | By his attorneys, |
| | /s/ James B. Conroy |
| | Peter E. Gelhaar (BBO # 188310) |
| | James B. Conroy (BBO # 096315) |
| | Donnelly, Conroy & Gelhaar, LLP |
| | One Beacon Street, 33rd Floor |
| | Boston, MA 02108 |
| Dated: November 15, 2005 | (617) 720-2880 |

LIBA/1644463.1