UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11697-GAO

MARILYN KUNELIUS,
Plaintiff

v.

TOWN OF STOW, et al.,
Defendants.

MEMORANDUM AND ORDER
May 17 2006

O'TOOLE, D.J.

This case arises out of a failed real estate transaction. According to the factual allegations of the complaint, the plaintiff intended to sell her property, located in the Town of Stow (the "Town"), to Cohousing Resources, LLC ("Cohousing") and the two parties entered into a purchase and sale agreement (the "P&S") for the property. Because the property was designated as agricultural/horticultural under Mass. Gen. Laws ch. 61, the Town had a first refusal option to meet the bona fide offer to purchase the property. The Town purported to exercise that right and then assigned it to the defendant Trust for Public Lands ("TPL").

Despite the election to exercise the first refusal option, the Town and TPL ultimately failed to perform under the terms of the P&S. The plaintiff filed suit against the Town, TPL, a partnership comprised of the two entities (the "Partnership"), and Craig MacDonnell, a TPL director. Her complaint seeks specific performance of the contract for sale by the Town and TPL and further alleges that TPL and the Partnership engaged in unfair and deceptive trade practices. The complaint also contains claims for intentional infliction of emotional distress, intentional interference with a

contractual relationship, and fraud and misrepresentation directed at TPL, the Partnership and MacDonnell. Finally, the plaintiff alleges under 42 U.S.C. § 1983 that the defendants' actions amounted to a constructive taking that deprived her of her property without Constitutionally guaranteed due process. The defendants have moved to dismiss the complaint on a variety of grounds.

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1998). Dismissal is warranted only where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" made in the complaint. Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004).

All but one of the plaintiff's claims meet this minimal standard.[1] After review of the parties' arguments, I conclude that the plaintiff has failed to state a claim for intentional infliction of emotional distress.[2] The remaining issues presented in the case, however, are fact-intensive, and it would be premature to dispose of them at this juncture.

---

[1] This includes the plaintiff's claim for fraud and misrepresentation, which is pled with sufficient particularity to meet the heightened standards of Fed. R. Civ. P. 9(b).

[2] Massachusetts courts have set a high standard for such claims, and the plaintiff's complaint does not plead facts that, if accepted as true, would establish that the defendants' conduct was "extreme and outrageous, . . . beyond all possible bounds of decency . . . and utterly intolerable in a civilized community," or that the emotional distress sustained by the plaintiff was "severe" and of a nature such that "no reasonable [person] could be expected to endure it." Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996)(internal quotation marks omitted)(citing Agis v. Howard Johnson Co., 355 N.E.2d 315, 319 (Mass. 1976)).

For the foregoing reasons, the defendants' motion to dismiss is GRANTED-IN- PART and DENIED-IN-PART.

It is SO ORDERED.

| | |
|---|---|
| May 17, 2006 | \s\ George A. O'Toole, Jr. |
| DATE | DISTRICT JUDGE |