UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-11697GAO

MARILYN KUNELIUS

    Plaintiff,

    v.

TOWN OF STOW, separately, A
PARTNERSHIP OF UNKNOWN NAME
BETWEEN TOWN OF STOW and the TRUST
FOR PUBLIC LAND, THE TRUST FOR
PUBLIC LAND separately and CRAIG A.
MACDONNELL, in his individual capacity

    Defendants

## ANSWER OF DEFENDANT, TOWN OF STOW

The Defendant, Town of Stow answers each numbered paragraph of the

Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.    The Defendant states the paragraph 1 contains a conclusion of law to

which no response is required.  To the extent that a response is required,

the allegations are denied.

2.    The Defendant states that paragraph 2 contains a conclusion of law to

which no response is required. To the extent that a response is required,

the allegations are denied.

3.    The Defendant states that paragraph 3 contains a conclusion of law to

which no response is required. To the extent that a response is required,

the allegations are denied.

4.    The Defendant states that paragraph 4 contains a conclusion of law to which no response is required. To the extent that a response is required, the allegations are denied.

5.    The Defendant states that paragraph 5 contains a conclusion of law to which no response is required. To the extent that a response is required, the allegations are denied.

## FACTS

6.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.    The Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.    The Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.    The Defendant admits the allegations contained in the first sentence of paragraph 11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 11.

12.   The Defendant admits the allegations contained in paragraph 12 of the Complaint.

13.   The Defendant admits the allegations contained in paragraph 13 of the Complaint.

14.   The Defendant admits the Cohousing notified Stow of the P&S.  The Defendant denies the remaining allegations contained in the first sentence. Further answering, the Defendant states that the P&S speaks for itself. The Defendant states that M.G.L. c. 61 confers the right of first refusal. The statute speaks for itself and therefore no response is required to the second and third sentences of paragraph 14.

15.   The Defendant admits the first and second sentences of paragraph 15.  The Defendant denies the third sentence of paragraph 15.  The Defendant denies the remaining allegations contained in paragraph 15.

16.   The Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.   The Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.   The Defendant denies the allegations contained in paragraph 18.

19.   The Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph  20 of the Complaint.

21.   The Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     The Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     The Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     The Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     The Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.     The Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     The Defendant denies the allegations contained in paragraph 27a-d of the Complaint.

28.     The Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     The Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.     The Defendant states that the Memorandum speaks for itself and therefore no response is required.  To the extent that a response is required, the allegations are denied.

31.     The Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     The Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     The Defendant denies the allegations contained in paragraph 33 of the Complaint.

4

34.    The Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.    The Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.    The Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.    The Defendant denies the allegations contained in the first sentence of paragraph 37.  Further answering, the Defendant states that the newspaper article speaks for itself and therefore no response is required.

38.    The Defendant states that the newspaper article speaks for itself and therefore no response is required.

39.    The Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph  40 of the Complaint.

41.    The Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.    The Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.    The Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.    The Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.    The Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47.    The Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.    The Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.    The Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.    The Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52.    The Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.    The Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.    The Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.    The Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.    The Defendant denies the allegations contained in paragraph 56 of the
Complaint.

## Count I
## Contract and Specific Performance (Stow and TPL)

57.    The Defendant hereby repeats and realleges herein its responses to
paragraph 1 through 56 above.

58.    The Defendant denies the allegations contained in paragraph 58 of the
Complaint.

59.    The Defendant denies the allegations contained in paragraph 59 of the
Complaint.

60.    The Defendant denies the allegations contained in paragraph 60 of the
Complaint.

61.    The Defendant denies the allegations contained in paragraph 61 of the
Complaint.

## Count II
## M.G.L. c. 93A, Unfair and Deceptive Trade Practice by TPL

Paragraphs 62 through 67 do not relate to the Town of Stow.  To the extent that a
response is required, the allegations are denied.

## Count III
## M.G.L. c. 93A, Unfair and Deceptive Trade Practices (The Partnership of Stow and TPL)

68.    The Defendant hereby repeats and realleges herein its responses to
paragraph 1 through 67 above.

69.    The Defendant denies the allegations contained in paragraph 69 of the
Complaint.

70.    The Defendant denies the allegations contained in paragraph 70 of the
Complaint.

71.   The Defendant denies the allegations contained in paragraph 71 of the Complaint.

72.   The Defendant denies the allegations contained in paragraph 72 of the Complaint.

73.   The Defendant denies the allegations contained in paragraph 73 of the Complaint.

74.   The Defendant denies the allegations contained in paragraph 74 of the Complaint.

75.   The Defendant denies the allegations contained in paragraph 75 of the Complaint.

**Count IV**
**Intentional Infliction of Emotional Distress**
**(TPL, the Partnership of Stow and TPL and MacDonnell)**

76.   The Defendant hereby repeats and realleges herein its responses to paragraph 1 through 75 above.

77.   The Defendant denies the allegations contained in paragraph 77 of the Complaint.

78.   The Defendant denies the allegations contained in paragraph 78 of the Complaint.

79.   The Defendant denies the allegations contained in paragraph 79 of the Complaint.

80.   The Defendant denies the allegations contained in paragraph 80 of the Complaint.

81.   The Defendant denies the allegations contained in paragraph 81 of the Complaint.

<u>Count V</u>
**<u>Intentional Interference with a Contractual Relationship (Partnership of Stow and TPL, TPL, separately and MacDonnell, individually)</u>**

82.    The Defendant hereby repeats and realleges herein its responses to paragraph 1 through 81 above.

83.    The Defendant denies the allegations contained in paragraph 83 of the Complaint.

84.    The Defendant denies the allegations contained in paragraph 84 of the Complaint.

85.    The Defendant denies the allegations contained in paragraph 85 of the Complaint.

86.    The Defendant denies the allegations contained in paragraph 86 of the Complaint.

87.    The Defendant denies the allegations contained in paragraph 87 of the Complaint.

88.    The Defendant denies the allegations contained in paragraph 88 of the Complaint.

89.    The Defendant denies the allegations contained in paragraph 89 of the Complaint.

90.    The Defendant denies the allegations contained in paragraph 90 of the Complaint.

91.    The Defendant denies the allegations contained in paragraph 91 of the Complaint.

92.    The Defendant denies the allegations contained in paragraph 92 of the Complaint.

93. The Defendant denies the allegations contained in paragraph 93 of the Complaint.

## Count VI
## 42 U.S.C. §1988 Civil Rights Violations Resulting from Violations of the United States Constitution Fifth and Fourteenth Amendments (Stow, the Partnership of Stow and TPL, TPL, separately, and MacDonnell, individually)

94. The Defendant hereby repeats and realleges herein its responses to paragraph 1 through 93 above.

95. The Defendant denies the allegations contained in paragraph 95 of the Complaint.

96. The Defendant denies the allegations contained in paragraph 96 of the Complaint.

97. The Defendant denies the allegations contained in paragraph 97 of the Complaint.

98. The Defendant denies the allegations contained in paragraph 98 of the Complaint.

99. The Defendant denies the allegations contained in paragraph 99 of the Complaint.

## Count VII
## Fraud and Misrepresentation (the Partnership of Stow and TPL, TPL, separately and MacDonnell, individually)

100. The Defendant hereby repeats and realleges herein its responses to paragraph 1 through 99 above.

101. The Defendant denies the allegations contained in paragraph 101 of the Complaint.

102. The Defendant denies the allegations contained in paragraph 102 of the Complaint.

103.   The Defendant denies the allegations contained in paragraph 103 of the Complaint.

104.   The Defendant denies the allegations contained in paragraph 104 of the Complaint.

WHEREFORE, the Defendant Town of Stow respectfully requests all claims against the Town of Stow be dismissed.

## AFFIRMATIVE DEEFENSES

### First Affirmative Defense

The Plaintiff's claims fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### Second Affirmative Defense

The Plaintiff failed to fulfill the statutory prerequisite to filing her claim pursuant to M.G.L. c. 93A.

### Third Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted for the intentional infliction of emotional distress against the Town of Stow.

### Fourth Affirmative Defense

The Plaintiff fails to state a claim for breach of contract as there is no contract between the Plaintiff and the Town of Stow.

### Fifth Affirmative Defense

The Defendant denies all of the Plaintiff's allegations of wrongful conduct and state that it was at all relevant times acting in good faith and in reasonable belief that its actions were lawful.

## Sixth Defense

Plaintiff is barred from recovery because she has received the benefits of the liquidated damages provision of the Purchase and Sale Agreement as her sole remedy in equity and law.

## Seventh Defense

Plaintiff is barred from recovery because she failed to mitigate her damages.

## Eighth Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## Ninth Defense

Any damages suffered by Plaintiff were caused by her own conduct or the conduct of parties over which The Town of Stowe has no control.

## Tenth Defense

The Town of Stowe hereby gives notice that it intends to rely on such other and further defenses as become available or apparent during discovery proceedings in this case, and it hereby preserves the right to assert such defenses.

## Eleventh Defense

The Town of Stowe states that the Town and its employees are entitled to qualified immunity.

## JURY CLAIM

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS SO

TRIABLE.

Respectfully submitted,
The Defendants,
The Town of Stow,
By its attorneys,


/s/ Deborah Ecker
Deborah I. Ecker, BBO# 554623
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: June 30, 2006

13