UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARILYN KUNELIUS,

        Plaintiff,

v.

TOWN OF STOW, et al.

        Defendants.

Civil Action No. 05-11697-GAO

## DEFENDANT TRUST FOR PUBLIC LAND'S ANSWER TO THE COMPLAINT

     Defendant The Trust for Public Land ("TPL"), through its undersigned counsel, responds to the allegations in the Complaint of Plaintiff Marilyn Kunelius ("Kunelius") as follows:

## JURISDICTION AND VENUE

1.     Paragraph 1 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, TPL denies the allegations in paragraph 1 of the Complaint.

2.     TPL is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the citizenship of the plaintiff.  Further answering, TPL states that paragraph 2 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, TPL denies the allegations in paragraph 2 of the Complaint.

3.     TPL admits that it has an office located in Boston, Massachusetts.  The remaining allegations of paragraph 3 of the Complaint state legal conclusions to which no response is required.  Except as expressly admitted, TPL denies the allegations in paragraph 3 of the Complaint.

4.      The first and third sentences of paragraph 4 of the Complaint state legal conclusions to which no response is required.  TPL admits that Section 5 of the Fourteenth Amendment provides that "Congress shall have the power to enforce, by appropriate legislation, the provisions" of the Fourteenth Amendment.  TPL further states that the entirety of the Amendment speaks for itself.  Except as expressly admitted, TPL denies the allegations in paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, TPL denies the allegations in paragraph 5 of the Complaint.

## FACTS

6.      TPL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      TPL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8.      TPL denies the allegations in paragraph 8 of the Complaint.

9.      TPL admits that it is organized under the laws of the State of California and has an office located at 33 Union Street, Boston, Massachusetts.  Except as expressly admitted, TPL denies the allegations in paragraph 9 of the Complaint.

10.     TPL admits that Craig A. MacDonnell is the Massachusetts State Director within the New England Regional Office of TPL, and that MacDonnell resides in Concord, MA.  Except as expressly admitted, TPL denies the allegations in paragraph 10 of the Complaint.

11.     TPL states that the Purchase and Sale Agreement ("P&S") with Cohousing Resources, LLC ("Cohousing") speaks for itself and is the best evidence of its contents.  TPL is without knowledge or information sufficient to form a belief as to the truth of the allegations in the

second sentence of paragraph 11 of the Complaint.  To the extent a response is required, TPL denies the allegations in the second sentence of paragraph 11 of the Complaint.

12.     TPL admits the allegations in paragraph 12 of the Complaint.

13.     TPL admits that the Property was classified under M.G.L. c. 61 and states that the entirety of that statute speaks for itself.  TPL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint.  To the extent a response is required and except as expressly admitted, TPL denies the allegations in paragraph 13 of the Complaint.

14.     TPL states that the P&S speaks for itself and is the best evidence of its contents.  TPL admits that M.G.L. c. 61, section 8 provides a city or town a first refusal option in the case of an intended sale, and states that the entirety of the statute speaks for itself.  TPL further states that the allegations in paragraph 14 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, TPL denies the remaining allegations in paragraph 14 of the Complaint.

15.     TPL admits that the right of first refusal is an elective right.  TPL further responds that M.G.L. c. 61, section 8 speaks for itself, and that the allegations in paragraph 15 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, TPL denies the allegations in paragraph 15 of the Complaint.

16.     TPL denies the allegations in paragraph 16 of the Complaint and states that the Town of Stow ("Stow") assigned its right of first refusal to TPL.  Further answering, TPL states that Exhibit 2 of the Complaint speaks for itself and is the best evidence of its contents.

17.     TPL admits that Stow assigned its right of first refusal to TPL.  Except as expressly admitted, TPL denies the allegations in paragraph 17 of the Complaint.

18.      TPL states that the documents attached to the Complaint as Exhibits 3 and 4 speak for themselves and are the best evidence of their contents.  TPL admits that paragraph 18 contains an accurate quote from a portion of Exhibit 4.  Further answering, TPL admits that it exercised the right of first refusal pursuant to an assignment of that right from Stow.  Except as expressly admitted, TPL denies the allegations in paragraph 18 of the Complaint.

19.      TPL admits that, on or about February 13, 2003, TPL notified Kunelius of Stow's assignment of its right of first refusal to TPL and of TPL's acceptance of that assignment. Except as expressly admitted, TPL denies the allegations in paragraph 19 of the Complaint.

20.      TPL admits that MacDonnell met with Kunelius and her attorney on several occasions and was informed that Kunelius was a single woman caring for her elderly father, and that Kunelius wanted to sell the Property.  Except as expressly admitted, TPL denies the allegations in paragraph 20 of the complaint.

21.      TPL denies the allegations in paragraph 21 of the Complaint.

22.      TPL denies the allegations in paragraph 22 of the Complaint.

23.      TPL denies the allegations in paragraph 23 of the Complaint.

24.      TPL denies the allegations in paragraph 24 of the Complaint.

25.      TPL denies the allegations in paragraph 25 of the Complaint.

26.      TPL admits that plaintiff purports to attach to the Complaint, as Exhibit 5, a document from Stow's Board of Selectmen.  TPL states that the document attached as Exhibit 5 speaks for itself and is the best evidence of its contents.  Except as expressly admitted, TPL denies the allegations in paragraph 26 of the Complaint.

27.     TPL states that the document attached to the Complaint as Exhibit 5 speaks for itself and is the best evidence of its contents.  To the extent a response is required, TPL denies the allegations in paragraph 27 of the Complaint.

28.     TPL denies the allegations in paragraph 28 of the Complaint.

29.     TPL admits that plaintiff purports to attach to the Complaint as Exhibit 6 a document entitled "Kunelius Property Workout," but denies that it is a "Board of Selectmen Memorandum."  Further answering, TPL denies the allegation that "Stow and TPL dishonored the P&S."  TPL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint.  To the extent a response is required, TPL denies the allegations in paragraph 29 of the Complaint.

30.     TPL admits that plaintiff accurately quotes the opening paragraph of the document entitled "Kunelius Property Workout," attached to the Complaint as Exhibit 6, in paragraph 30 of the Complaint," but denies that it is a "Board of Selectmen Memorandum."  Except as expressly admitted, TPL denies the allegations in paragraph 30 of the Complaint.  Further answering, TPL states that the document attached to the Complaint as Exhibit 6 speaks for itself and is the best evidence of its contents.

31.     TPL denies the allegations in paragraph 31 of the Complaint.

32.     TPL denies the allegations in paragraph 32 of the Complaint.

33.     TPL denies the allegations in paragraph 33 of the Complaint.

34.     TPL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.  To the extent a response is required, TPL denies the allegations in paragraph 34 of the Complaint.

35.     TPL admits that Stow appropriated $400,000 in order to acquire a fee interest in a portion of the Property and an affordability restriction over two units of housing.  Except as expressly admitted, TPL denies the allegations in paragraph 35 of the Complaint.

36.     TPL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.  To the extent a response is required, TPL denies the allegations in paragraph 36 of the Complaint.

37.     TPL denies the allegations in the first sentence of paragraph 37 of the Complaint.  TPL states that the document attached to the Complaint as Exhibit 7 speaks for itself and is the best evidence of its contents.  To the extent the allegations in paragraph 37 mischaracterize Exhibit 7, the allegations are denied.

38.      TPL states that the document attached to the Complaint as Exhibit 8 speaks for itself and is the best evidence of its contents.  To the extent a response is required, TPL denies the allegations in paragraph 38 of the Complaint.

39.     TPL admits that on or about September 25, 2003 it sent a letter to the chairman of the Stow Zoning Board of Appeals.  TPL states that the letter, attached to the Complaint as Exhibit 9, speaks for itself and is the best evidence of its contents.  Except as expressly admitted, TPL denies the allegations in paragraph 39 of the Complaint.

40.     TPL admits that the numbers quoted in paragraph 40 of the Complaint are accurate for 2004.

41.     TPL admits that on or about July 6, 2004, it contacted Kunelius' counsel by letter.  TPL states that the letter, attached to the Complaint as Exhibit 11, speaks for itself and is the best evidence of its contents.  Except as expressly admitted, TPL denies the allegations in paragraph 41 of the Complaint.

42.     TPL denies the allegations in paragraph 42 of the Complaint.

43.     TPL admits that on or about September 9, 2003, it sent a letter to Kunelius' counsel.  TPL states that the letter dated September 9, 2003, attached to the Complaint as Exhibit 12, speaks for itself and is the best evidence of its contents.  Except as expressly admitted, TPL denies the allegations in paragraph 43 of the Complaint.

44.     TPL states that the document attached to the Complaint as Exhibit 12 speaks for itself and is the best evidence of its contents.  To the extent a response is required, TPL denies the allegations in paragraph 44 of the Complaint.

45.     TPL denies the allegations in paragraph 45 of the Complaint.  To the extent the allegations are not directed at TPL, no response is required.

46.     TPL admits that MacDonnell met with Kunelius, Kunelius' counsel, Jim Boothroyd and at least one other person in an attempt to work towards the purchase of the Property in the spring of 2004.  Except as expressly admitted, TPL denies the allegations in paragraph 46 of the Complaint.

47.     TPL states that the document attached to the Complaint as Exhibit 6 speaks for itself and is the best evidence of its contents, but denies the allegation that Exhibit 6 is a "Board of Selectman Memorandum."  Further answering, TPL denies the allegations in paragraph 47 of the Complaint.

48.     TPL admits that it sent a letter to Kunelius' counsel on or about July 6, 2004, attached to the Complaint as Exhibit 11.  Except as expressly admitted, TPL denies the allegations in paragraph 48 of the Complaint.  TPL further responds that the document attached to the Complaint as Exhibit 11 speaks for itself and is the best evidence of its contents.

49.    Paragraph 49 states legal conclusions to which no response is required.  To the extent a response is required, TPL denies the allegations in paragraph 49 of the Complaint.

50.    TPL admits that Kunelius' counsel provided a copy of the decision of <u>Town of Franklin v. Wyllie</u>, 443 Mass. 187 (2005), to TPL.  TPL states that the decision of <u>Town of Franklin v. Wyllie</u> speaks for itself.  To the extent the allegations in the second sentence of paragraph 50 mischaracterize the decision, the allegations are denied.  TPL further answers that the second sentence of paragraph 50 contains legal conclusions to which no response is required.  TPL denies the allegations in the third sentence of paragraph 50 of the Complaint.  To the extent the allegations are not directed at TPL, no response is required.

51.    TPL is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.  To the extent a response is required, TPL denies the allegations in paragraph 51 of the Complaint.

52.     TPL is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.  To the extent a response is required, TPL denies the allegations in paragraph 52 of the Complaint.

53.    TPL is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54.    TPL denies the allegations in paragraph 54 of the Complaint.  To the extent the allegations are not directed at TPL, no response is required.

55.    The allegations in paragraph 55 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, TPL denies the allegations in paragraph 55 of the Complaint.

56.    TPL denies the allegations in paragraph 56 of the Complaint.

**Count 1**
**Contract and Specific Performance (Stow and TPL)**

57.     TPL incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 56 of the Complaint.

58.     TPL denies the allegations in paragraph 58 of the Complaint.

59.     TPL is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60.     TPL denies the allegations in paragraph 60 of the Complaint.

61.     TPL admits that plaintiff purports to seek the relief described in paragraph 61 of the Complaint, but denies that plaintiff is entitled to such relief.

**Count 2**
**M.G.L. c. 93A, Unfair and Deceptive Trade Practice by TPL**

62.     TPL incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 61 of the Complaint.

63.     TPL admits that it is a non-profit national conservation corporation qualified under section 501(c)(3) of the Internal Revenue Code and organized under the laws of California. Except as expressly admitted, TPL denies the allegations in paragraph 63 of the Complaint.

64.     TPL denies the allegations in paragraph 64 of the Complaint.

65.     TPL denies the allegations in paragraph 65 of the Complaint.  TPL further responds that paragraph 65 of the Complaint contains legal conclusions to which no response is required.

66.     TPL denies the allegations in the first sentence of paragraph 66 of the Complaint.  The second sentence of paragraph 66 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, TPL denies the allegations in the second sentence of paragraph 66 of the Complaint.

67.    TPL admits that plaintiff purports to seek the relief described in paragraph 67 of the Complaint, but denies that plaintiff is entitled to such relief.  Except as expressly admitted, TPL denies the allegations in paragraph 67 of the Complaint.

<u>Count 3</u>
<u>M.G.L. c.93A, Unfair and Deceptive Trade Practices (The Partnership of Stow and TPL)</u>

68.    TPL incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 67 of the Complaint.

69.    TPL denies the allegations in paragraph 69 of the Complaint.

70.    TPL denies the allegations in paragraph 70 of the Complaint.

71.    TPL denies the allegations in paragraph 71 of the Complaint.

72.    TPL denies the allegations in paragraph 72 of the Complaint.

73.    TPL denies the allegations in paragraph 73 of the Complaint.

74.    TPL denies the allegations in paragraph 74 of the Complaint.

75.    TPL admits that plaintiff purports to seek the relief described in paragraph 75 of the Complaint, but denies that plaintiff is entitled to such relief.  Except as expressly admitted, TPL denies the allegations in paragraph 75 of the Complaint.

<u>Count 4</u>
<u>Intentional Infliction of Emotional Distress (TPL, the Partnership of Stow and TPL and MacDonnell)--DISMISSED</u>

76-81.  By order dated May 17, 2006, the Court dismissed Count 4 of the Complaint, including paragraphs 76-81.  Therefore, no responses to these paragraphs are required.

<u>Count 5</u>
<u>Intentional Interference with a Contractual Relationship (Partnership of Stow and TPL, TPL, separately and MacDonnell, individually)</u>

82.    TPL incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 75 of the Complaint.

83.    TPL admits that it was aware that the P&S included a purchase price of $1,116,900 as well as a provision for a 40B subdivision.  Except as expressly admitted, TPL denies the allegations in paragraph 83 of the Complaint.

84.    TPL denies the allegations in paragraph 84 of the Complaint.

85.    TPL denies the allegations in paragraph 85 of the Complaint.

86.    TPL denies the allegations in paragraph 86 of the Complaint.

87.    TPL admits that TPL and MacDonnell were aware generally of other potential housing projects in Stow but denies that they knew the impact of those potential projects on Stow's status under M.G.L. c. 40B.  Except as expressly admitted, TPL denies the allegations in paragraph 87 of the Complaint.

88.    TPL denies the allegations in paragraph 88 of the Complaint.

89.    TPL denies the allegations in paragraph 89 of the Complaint.

90.    TPL denies the allegations in the first sentence of paragraph 90 of the Complaint.  TPL is without knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 90 of the Complaint.

91.    TPL denies the allegations in paragraph 91 of the Complaint.

92.    TPL denies the allegations in paragraph 92 of the Complaint.

93.    TPL admits that plaintiff purports to seek the relief described in paragraph 93 of the Complaint, but denies that plaintiff is entitled to such relief.

**Count VI**
**42 U.S.C. § 1983, §1988 Civil Rights Violations Resulting from Violations of the United States Constitution Fifth and Fourteenth Amendments (Stow, the**

**Partnership of Stow and TPL, TPL, separately, and MacDonnell, individually)**

94.     TPL incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 93 of the Complaint.

95.     The allegations in paragraph 95 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, TPL denies the allegations in paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, TPL denies the allegations in paragraph 96 of the Complaint.

97.     TPL denies the allegations in paragraph 97 of the Complaint.

98.     TPL denies the allegations in paragraph 98 of the Complaint.

99.     TPL admits that plaintiff purports to seek the relief described in paragraph 99 of the Complaint, but denies that plaintiff is entitled to such relief.

**Count VII**
**Fraud and Misrepresentation (the Partnership of Stow and TPL, TPL, separately, and MacDonnell, individually)**

100.    TPL incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 99 of the Complaint.

101.    TPL denies the allegations in paragraph 101 of the Complaint.

102.    TPL denies the allegations in paragraph 102 of the Complaint.

103.    TPL denies the allegations in paragraph 103 of the Complaint.

104.    TPL admits that plaintiff purports to seek the relief described in paragraph 104 of the Complaint, but denies that plaintiff is entitled to such relief.  Except as expressly admitted, TPL denies the allegations in paragraph 104 of the Complaint.

## ADDITIONAL DEFENSES

TPL asserts the following additional defenses:

### First Defense

Plaintiff is barred from recovery because she has received the benefits of the liquidated damages provision of the Purchase and Sale Agreement as her sole remedy in equity and law.

### Second Defense

Plaintiff is barred from recovery because she failed to mitigate her damages.

### Third Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, disclosure and consent, and/or ratification.

### Fifth Defense

Plaintiff fails to plead her allegations of fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

### Sixth Defense

Any damages suffered by Plaintiff were caused by her own conduct or the conduct of parties over which TPL has no control.

### Seventh Defense

Plaintiff may not recover under M.G.L. c. 93A because she has failed to comply with the notice requirements set forth in the statute.

### Eighth Defense

Plaintiff's damages claims are limited by the doctrine of charitable immunity, M.G.L. c.231 section 85K.

### Ninth Defense

Plaintiff is not entitled to a trial by jury.

### Tenth Defense

TPL hereby gives notice that it intends to rely on such other and further defenses as become available or apparent during discovery proceedings in this case, and it hereby preserves the right to assert such defenses.

WHEREFORE, TPL prays for judgment dismissing the Complaint with prejudice and awarding such other and further relief as the Court deems appropriate.

Respectfully submitted,

THE TRUST FOR PUBLIC LAND

By its attorneys,

  /s/ Dahlia S. Fetouh                          
Richard A. Oetheimer (BBO # 377665)
Dahlia S. Fetouh (BBO # 651196)
Goodwin | Procter LLP
53 State Street
Boston, MA 02109
(617) 570-1000

Dated: June 30, 2006

### CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 30, 2006.

  /s/ Dahlia S. Fetouh                          
Dahlia S. Fetouh

LIBA/1703025.2

14