UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARILYN KUNELIUS,

           Plaintiff,

v.

TOWN OF STOW, et al.

           Defendants.

Civil Action No. 05-11697-GAO

## JOINT STATEMENT OF THE PARTIES PURSUANT TO FED. R. CIV. P. 16(b), 26(f) AND LOCAL RULE 16.1

       The parties, having conferred, hereby submit their Joint Statement of the Parties Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Rule 16.1.  The parties agree to much of the following joint discovery plan and proposed schedule for the filing of motions.  To the extent the parties have been unable to agree, each of their positions has been set forth separately.

**I.**     **Agenda of Matters to Be Discussed at the Scheduling Conference**

      a.     Pre-Trial Schedule and Discovery Matters

      b.     Settlement/Mediation

**II.**    **Discovery Plan and Amount of Discovery**

      a.     <u>Plaintiff's Proposal</u>

          1.     Depositions:  Maximum of twenty (20) depositions.  The maximum number of depositions for the plaintiffs and the defendants will be exclusive of any "keeper of the records" depositions.  Each party will have the right to depose any expert identified by any other party.  Each deposition will be limited to a maximum of seven (7) hours, unless extended by agreement of the parties.  Plaintiff anticipates taking the depositions of the following

individuals:  Keeper of Records of Defendant Trust for Public Land; an individual to be named

30(b)(6) deponent of Defendant Trust for Public Land; Defendant Craig MacDonnell; Keeper of

Records of Defendant the Town of Stow; an individual to be named 30(b)(6) deponent of the

Town of Stow Board of Selectmen; an individual to be named 30(b)(6) deponent of Defendant

the Town of Stow; Linda Hathaway, Town of Stow Clerk; Greg Jones, a former Selectman of the

Town of Stow; Robert Wilber; Edwin Ross Perry, Jr.; and Serena Furman.

2.      Interrogatories:  Maximum number of fifty (50) interrogatories by each

party to any other party.  Responses to interrogatories are due thirty (30) days after service,

unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

3.      Requests for Admission:  Maximum of fifty (50) requests for admission

by each party to any other party.  Responses to requests are due thirty (30) days after service,

unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

b.      <u>Defendants' Proposal</u>

The amount and timing of discovery shall be consistent with the limits outlined in the

Federal Rules of Civil Procedure and Local Rule 26.1, unless otherwise agreed to or by leave of

court.  Absent leave of court or agreement of the parties, all depositions other than expert

depositions must be noticed and taken before the close of discovery.  Nothing set forth herein

shall bar any party from moving to compel further answers to discovery already undertaken prior

to and including April 6, 2007.

1.      Depositions:  Maximum of ten (10) fact depositions for each side,

pursuant to the limitations set forth in Local Rule 26.1.

2.      Interrogatories:  Maximum of twenty-five (25) interrogatories for each

side, pursuant to the limitations set forth in Local Rule 26.1.

3.     Requests for Admission:  Maximum of twenty-five (25) requests for admission for each side, excluding requests to authenticate documents, pursuant to the limitations set forth in Local Rule 26.1.

## III.     Proposed Schedule for Discovery and Motions

The parties agree on the following schedule:

| Event | Proposed Dates for Completion or Filing |
|---|---|
| Exchange of Initial Disclosures | October 31, 2006 |
| Fact Discovery Closes for All Parties | April 6, 2007 |
| Plaintiff's Expert Disclosure | May 4, 2007 |
| Defendants' Expert Disclosure | July 2, 2007 |
| Expert Discovery Closes for All Parties | August 3, 2007 |
| Dispositive Motions | September 7, 2007 |
| Oppositions to Dispositive Motions | October 5, 2007 |
| Replies to Dispositive Motions | November 2, 2007 |
| Hearing on all Dispositive Motions, Final Pre-Trial Hearing, and Trial | Dates to be determined by the Court |

## IV.     Trial By Magistrate Judge

The parties do not consent to trial by a Magistrate Judge at this time.

## V.     Settlement

The parties have engaged in preliminary discussions concerning the settlement of this matter.  No resolution has yet been reached, however the parties are continuing to explore settlement.  The parties believe that mediation may facilitate settlement of this matter.

Respectfully submitted,

MARILYN KUNELIUS                                THE TRUST FOR PUBLIC LAND

By her attorney,

/s/ Michael C. McLaughlin                       /s/ Dahlia S. Fetouh
Michael C. McLaughlin (BBO #  367350)           Richard A. Oetheimer (BBO # 377665)
Law Offices of Michael C. McLaughlin            Dahlia S. Fetouh (BBO # 651196)
One Beacon Street, 33rd Floor                   Goodwin Procter LLP
Boston, MA 02108                                Exchange Place
(617) 227-2275                                  Boston, MA 02109
                                                (617) 570-1000

THE TOWN OF STOW                                CRAIG A. MACDONNEL

By its attorneys,                               By his attorneys,

/s/ Deborah I. Ecker                            /s/ James B. Conroy
Deborah I. Ecker (BBO #554623)                  Peter E. Gelhaar (BBO # 188310)
Brody, Hardoon, Perkins & Kesten, LLP           James B. Conroy (BBO # 096315)
One Exeter Plaza                                Paula M. McManus (BBO # 648029)
Boston, MA 02116                                Donnelly, Conroy & Gelhaar, LLP
(617) 880-7100                                  One Beacon Street, 33rd Floor
                                                (617) 720-2880

Dated: October 4, 2006

LIBA/1734451.5