UNITED STATES DISTRICT COURT
(DISTRICT OF MASSACHUSETTS)

CIVIL ACTION NO. 05-11697 GAO

| | |
|---|---|
| MARILYN KUNELIUS, | ) |
|     Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| TOWN OF STOW separately, A | ) |
| PARTNERSHIP OF UNKNOWN NAME | ) |
| BETWEEN TOWN OF STOW and THE | ) |
| TRUST FOR PUBLIC LAND, THE | ) |
| TRUST FOR PUBLIC LAND separately | ) |
| and CRAIG A. MACDONNELL, in his | ) |
| individual capacity, | ) |
|     Defendants. | ) |

## PLAINTIFF'S MOTION FOR SANCTIONS

NOW COMES the Plaintiff with this Motion For Sanctions under the provisions of Federal Rules of Civil Procedure 11(c) since the Defendants have repeatedly made misrepresentations to the Court in order, among other things, to induce the Court into considering a Certification of a bogus issue to the Supreme Judicial Court of Massachusetts.

In addition, the Plaintiff seeks sanctions under the provisions of Federal Rules of Civil Procedure 37, to the extent that the Plaintiff has been informed by the Defendant TPL, that TPL will not provide a Rule 30(b)(6) witness for certain topics identified in Exhibit A to the deposition notice. The Plaintiff relies on the attached Memorandum in Opposition to the Defendant's Motion to Quash and in Support of this Motion.

The Plaintiff further states;

(1) That Defendants and their counsel have repeatedly asserted to this Court that TPL was "unable" to purchase the Property from the Plaintiff. This assertion has been made no less than five (5) times to this Court and multiple times to the Plaintiff.

(2) The Plaintiff through discovery has uncovered a partial application filed by TPL with the Commonwealth of Massachusetts in order to obtain funds from the Commonwealth. In that application the Defendants notified the Commonwealth that TPL had over $70 million dollars.

(3) The Defendant Stow, provided only a partial copy of the Application and failed to provide critically important attachments to the Application to the Commonwealth which demonstrates that the Defendants' representations to the Court regarding the TPL's inability to purchase the Property have been deliberately false and misleading.

(4) The Plaintiff, independent from discovery, was able to acquire certain documents from the complete Application of Stow which demonstrate that all the Defendants were absolutely aware that TPL was always able to purchase the Property notwithstanding their statement to the Plaintiff and the Court.

(5) When the Defendants were confronted with proof of TPL's ability to purchase the Property, TPL's witness feigned ignorance and forgetfulness concerning the availability of millions of dollars in a line of credit. Subsequently, TPL filed a Motion to Quash Subpoena to Wainwright Bank which is intended to uncover specifics of TPL's use of the line of credit, etc. In filing the Motion to Quash, TPL asserted for the very first time that TPL never had argued that it was unable

to purchase the Property in direct contradiction to its numerous statements to the contrary.

(6) The Defendants, aware of the seriousness of their misrepresentations, are now trying to stop discovery of TPL's financial status which is critically important for the Plaintiff to prove the Defendants' unfair and deceptive trade practice, fraud, misrepresentation, etc.

(7) The Defendant's Motion to Quash has been made in bad faith and is compounded by the deliberately misleading statements made by the Defendants in violation of Rule 11 as more particularly described in the Memorandum In Opposition to Quash. The Defendants should be sanctioned pursuant to the provision of Rule 11 and Rule 37.

Respectfully submitted,

Marilyn Kunelius,

By her Attorney

Dated: March 7, 2007    By:    */s/ Michael C. McLaughlin, Esq.*
Michael C. McLaughlin BBO# 337350
Law Offices of Michael C. McLaughlin
One Beacon Street, 33rd Floor
Boston, MA 02108
617-227-2275
michaelcmclaughlin@speakeasy.net

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 7, 2007.

*/s/ Michael C. McLaughlin, Esq.*
Michael C. McLaughlin BBO# 337350
Law Offices of Michael C. McLaughlin
One Beacon Street, 33rd Floor
Boston, MA 02108
617-227-2275
michaelcmclaughlin@speakeasy.net

**CERTIFICATION UNDER LOCAL RULES 7.1**

I, Michael C. McLaughlin, certify that I have conferred with opposing counsel and have attempted in good faith to resolve and narrow the issue.

Dated: March 7, 2007

*/s/ Michael C. McLaughlin, Esq.*
Michael C. McLaughlin BBO# 337350
Law Offices of Michael C. McLaughlin
One Beacon Street, 33rd Floor
Boston, MA 02108
617-227-2275
michaelcmclaughlin@speakeasy.net

7