UNITED STATES DISTRICT COURT
(DISTRICT OF MASSACHUSETTS)

CIVIL ACTION NO. 05-11697 GAO

_____
MARILYN KUNELIUS,                )
      Plaintiff,           )
                                 )
V.                               )
                                 )
TOWN OF STOW separately, A       )
PARTNERSHIP OF UNKNOWN NAME      )
BETWEEN TOWN OF STOW and THE     )
TRUST FOR PUBLIC LAND, THE       )
TRUST FOR PUBLIC LAND separately )
and CRAIG A. MACDONNELL, in his  )
individual capacity,             )
      Defendants.           )
_____)

## PLAINTIFF'S OPPOSITION TO THE TRUST FOR PUBLIC LAND'S MOTION FOR A PROTECTIVE ORDER

NOW COMES the Plaintiff with this Opposition to the Trust for Public Land's ("TPL") Motion for a Protective Order, stating as follows:

    1.    The Defendant TPL's Motion for Protective Order covers essentially the same ground as TPL's Motion to Quash the Deposition of Wainwright Bank. The Complaint alleges numerous Counts resulting from TPL's misrepresentations and unfair and deceptive trade practices and specifically refers to the assurances by TPL of its financial ability to purchase the Property upon exercising the Right of First Refusal assigned to it by The Town of Stow. Those assurances were later disavowed and TPL asserted that it was "unable to purchase the Property" because it did not have sufficient funds.

1

2.  The Plaintiff relies on her Memorandum in Opposition to the Motion to Quash as such Opposition is equally applicable to TPL's Motion for Protective Order. The Plaintiff further states that the financial information concerning TPL is particularly relevant to the Plaintiff's assertion that TPL used pretext and outright misrepresentation when attempting to avoid its obligations under the Contract, while at the same time allowing the general belief of TPL's financial strength to be used to dissuade the original purchaser of the Property from moving forward with the Plaintiff. The willingness of TPL to stipulate, at this point before this Court, that "TPL had the money to purchase the property" arises only because the Plaintiff found out about the $70 million available to TPL at the time that TPL was informing the Plaintiff and this Court that TPL was "unable to purchase the property." This sudden willingness to stipulate suggests that TPL fears the disclosure of specific information relating to its financial status at the time when it defaulted on the Contract. TPL's willingness to mislead the Court concerning its inability to purchase the Property in and of itself suggests that TPL has something to hide with regard to its financial status. Why else would TPL suddenly change its position with the Court, admit that it had the money, and be willing to stipulate to that fact in order to avoid inquiry into its financial condition?

3.  Investigation into the scope of TPL's misrepresentation with regard to finances is critical to the Plaintiff and information gained in such an inquiry may also be critical in demonstrating to a jury the scope of the misdirections and misrepresentations of TPL, particularly as it relates to unfair and deceptive trade practices. It was, after all, TPL who attempted to use its weak financial position as the basis for the Contract avoidance.

    4.    TPL is allegedly a nonprofit corporation which allegedly seeks to be working for the common good by its alleged conservation activities. TPL has asserted its special status as a means of avoiding liability. Examination of the financial information sought is critically important in understanding whether TPL lied about its "ability to purchase." It is also critically important whether it has or is misrepresenting its financial strength, its financial operations, etc. If, for example, an inquiry is allowed of the financial conditions of TPL, it may well be shown that TPL has been less than truthful during deposition, Court's filings, filings with the Commonwealth, and its willingness to stipulate as discussed. Again, the Plaintiff relies on her Memorandum in Opposition to Motion to Quash.

WHEREFORE, the Plaintiff respectfully requests that this Court deny TPL's Motion for Protective Order and award the Plaintiff with costs associated with this Opposition.

                              Respectfully submitted,

                              Marilyn Kunelius,

                              By her Attorney

Dated: March 20, 2007    By:    */s/ Michael C. McLaughlin, Esq.*
                                             Michael C. McLaughlin BBO# 337350
                                             Law Offices of Michael C. McLaughlin
                                             One Beacon Street, 33rd Floor
                                             Boston, MA 02108
                                             617-227-2275
                                             michaelcmclaughlin@speakeasy.net

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 20, 2007.

                                               */s/ Michael C. McLaughlin*
                                               Michael C. McLaughlin