UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-11697GAO

MARILYN KUNELIUS

    Plaintiff,

    v.

TOWN OF STOW, separately, A PARTNERSHIP OF UNKOWN NAME BETWEEN TOWN OF STOW and the TRUST FOR PUBLIC LAND, THE TRUST FOR PUBLIC LAND separately and CRAIG A. MACDONNELL, in his individual capacity

    Defendants

## DEFENDANT TOWN OF STOW'S MOTION FOR LEAVE TO FILE A RESPONSE

Pursuant to Local Rule 7.1(B)(3), the Defendant Town of Stow hereby requests leave to file the accompanying Supplemental Memorandum in Support of Defendant Town of Stow's Opposition to the Plaintiff's Motion for Sanctions.

Although Plaintiff already filed a memorandum in support of her Motion for Sanctions and in opposition to Trust for Public Land's Motion to Quash, Plaintiff recently filed, without seeking leave of court, a Supplemental Memorandum in Opposition to the Trust for Public Land's Motion to Quash and in Support of Plaintiff's Motion for Sanctions. The supplemental memorandum made numerous false and misleading accusations of misconduct by the Town of Stow which are unsupported in the record. To the extend the Court intends to consider any of the statements included in the Plaintiff's Supplemental

1

Memorandum filed without leave of court, the Town of Stow requests leave of court to file the attached limited response in order to correct the Plaintiff's inaccuracies and misrepresentations and to bring the most egregious misstatements to the Court's attention.

WHEREFORE, the Town of Stow respectfully requests that this Court grant them leave to file the accompanying Response to the Plaintiff's Supplemental Memorandum in Opposition to the Trust for Public Land's Motion to Quash and in Support of Plaintiff's Motion for Sanctions.

        Respectfully submitted,
        The Defendant,
        Town of Stow,
        By its attorneys,


        /s/ Deborah I. Ecker
        Leonard H. Kesten, BBO# 542042
        Deborah I. Ecker, BBO# 554623
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        (617) 880-7100

DATED: May 2, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-11697GAO

MARILYN KUNELIUS

    Plaintiff,

    v.

TOWN OF STOW, separately, A PARTNERSHIP OF UNKOWN NAME BETWEEN TOWN OF STOW and the TRUST FOR PUBLIC LAND, THE TRUST FOR PUBLIC LAND separately and CRAIG A. MACDONNELL, in his individual capacity

    Defendants

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT TOWN OF STOW'S OPPOSITION TO THE PLAINTIFF'S MOTIONS FOR SANCTIONS

The Plaintiff previously filed a motion for sanctions against the Defendants claiming that the Defendants have "repeatedly made misrepresentations to the Court in order, among other things, to induce the Court into considering a Certification of a bogus issue to the Supreme Judicial Court of Massachusetts". The Defendants opposed the Plaintiff's baseless Motion. The Court has not yet held a hearing or issued a decision on the Plaintiff's Motion. In the interim, the parties have continued to conduct discovery. The Plaintiff has now filed a Supplemental Memorandum of Law in Opposition to the Trust for Public Land's Motion to Quash and In Support of the Plaintiff's Motion for Sanctions without requesting leave of Court. Once again,

1

the Plaintiff accuses the Defendants of making misrepresentations to the Court and of misdeeds in the conduct of discovery. The Defendant Town of Stow files this supplemental memorandum to specifically address the Plaintiff's new allegations regarding the production of documents by the Town of Stow. The Town of Stow will not refute each and every one of the Plaintiff's additional baseless and scurrilous accusations concerning alleged misrepresentations made by the Defendants and their attorneys to the Court. The Town of Stow denies any such accusations.[1]

As previously set forth in the Town of Stow's Memorandum in Opposition to the Plaintiff's Motion for Sanctions, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the Town of Stow prepared its Automatic Disclosures and provided all of the documents identified in the Automatic Disclosures to the Plaintiff by letter dated November 21, 2006. The documents produced by the Town of Stow are all of the documents currently contained in the Town of Stow's files concerning the Kunelius property relevant to this lawsuit with the exception of several documents created after the Plaintiff filed her complaint against the Town of Stow that are subject to the attorney client privilege. Since the Town's production of these documents to the Plaintiff, the Plaintiff has <u>never</u> formally or informally requested any additional documents from the Defendant the Town of Stow and has not filed any motions to compel

---

[1] The Town of Stow incorporates the arguments made by the Trust For Public Land in its Supplemental Memorandum filed in Opposition to the Plaintiff's Motion For Sanctions as if set forth herein.

the production of any documents that the Plaintiff believes are in the Town's possession but are being withheld.

On January 11, 2007, the Plaintiff noticed the deposition of a former member of the Town of Stow Board of Selectman Ross Perry to go forward on February 26, 2007. Mr. Perry is not a named defendant. The Plaintiff did not attach a request for documents to Mr. Perry's deposition notice and prior to his deposition did not request that the Town produce any documents on Mr. Perry's behalf. In fact, the Plaintiff has not propounded any document requests on the Town of Stow at any time.

At Mr. Perry's deposition, he informed the Plaintiff that he had his own personal file of documents and notes that he still had in his possession related to the Plaintiff's property. The Plaintiff's attorney requested that the attorney for the Town of Stow provide him with a copy of Mr. Perry's file. The attorney for the Town of Stow complied with the Plaintiff's request and produced a copy of Mr. Perry's personal file. A review of the documents contained in Mr. Perry's personal file reveals that some of the documents contained therein were never made part of the Town of Stow's file and therefore are not part of the public record. See, M.G.L. c. 4, § 7(26(e)).

In her Supplemental Memorandum, the Plaintiff now claims, without any support whatsoever, that the Town of Stow's counsel deliberately withheld Mr. Perry's documents from the Plaintiff until after the deposition of Serena Furman. Nothing could be further from the truth particularly given that the attorney for the Town of Stow voluntarily agreed to facilitate the production of documents

3

from Mr. Perry of his personal file. It is not even clear to the Town of Stow what procedural advantage the Plaintiff believes that the Town of Stow would have had by not producing these files until after Ms. Furman's deposition as most if not all of the documents (except for Mr. Perry's handwritten notes) were made available to the Plaintiff from other sources including Ms. Furman herself. The Plaintiff's assertions are baseless and frankly tiresome. The Town of Stow should not have to incur the costs of defending against the Plaintiff's repeated baseless and accusations of unethical behavior on the part of the Town and its counsel.

      The Town of Stow and its counsel have participated in the discovery process and defended against the Plaintiff's claims in good faith. Nothing that has been disclosed during the discovery process has changed the Town's defense to the Plaintiff's allegations against the Town of Stow and the Town of Stow has not "changed [its] story" and has not become aware of any "false paradigm" or relied on any "false paradigm" as now alleged by the Plaintiff in her most recent supplemental memorandum. The Town of Stow still believes that based on the undisputed facts the Town is entitled to judgment as a matter of law on all of the Plaintiff's claims against the Town and intends to file a motion for summary judgment now that discovery is complete.

      The Town of Stow respectfully requests that the Plaintiff's Motion for Sanctions be denied and that the Plaintiff be ordered to pay the attorneys fees and costs incurred by the Town of Stow for having to defend against the Plaintiff's Motion and for having to respond to the Plaintiff's Supplemental Memorandum.

Respectfully submitted,
The Defendant,
Town of Stow,
By its attorneys,


/s/ Deborah I. Ecker
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: May 2, 2007