UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-11697GAO

MARILYN KUNELIUS

    Plaintiff,

v.

TOWN OF STOW, separately, A PARTNERSHIP OF UNKNOWN NAME BETWEEN TOWN OF STOW and the TRUST FOR PUBLIC LAND, THE TRUST FOR PUBLIC LAND separately and CRAIG A. MACDONNELL, in his individual capacity

    Defendants

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT TOWN OF STOW'S MOTION FOR SUMMARY JUDGMENT**

The Defendant, the Town of Stow, submits the following Statement of Undisputed Material Facts pursuant to Local Rule 56.1 in support of the Town of Stow's Motion For Summary Judgment, with supporting attachments.

**I. Statement of Undisputed Material Facts[1]**

1.    The Plaintiff, Marilyn Kunelius, is a former resident of the Town of Stow, Massachusetts. Plaintiff's Complaint ¶ 6, at **Attachment 1**.

2.    The Plaintiff owns property located at 142 and 144 Red Acres Road, Stow, Massachusetts (the "Property"). Id. ¶ 11.

---

[1] The facts contained in this Statement of Material Facts in Support of Defendant's Motion for Summary Judgment are taken in the light most favorable to the Plaintiff as required in Rule 56 of the Federal Rules of Civil Procedure and are admitted for the purposes of summary judgment only.

1

3.   The Defendant Town of Stow ("Stow" or the "Town") is a Massachusetts municipal corporation.  Id., ¶ 7.

4.   The Plaintiff chose to register the Property under M.G.L. c. 61 and was therefore taxed at a lower rate.  Id., ¶ 13; Defendant TPL Summary Judgment Statement of Facts, ¶¶ 10, 11 and attachments referenced therein.[2]

5.   On or about October 11, 2002, the Plaintiff entered into a purchase and sale agreement ("P&S") with Cohousing Resources, LLC ("Cohousing") for the sale of the Property.  Plaintiff's Complaint, ¶ 11, at **Attachment 1**; Purchase and Sale Agreement, at Exhibit 1 to **Attachment 1**.

6.   The P&S contained a provision entitled "BUYER'S DEFAULT; DAMAGES" that provided that if "the BUYER shall fail to fulfill the BUYER'S agreements herein, all the deposits made hereunder by the BUYER shall be retained by the SELLER as liquidated damages and this shall constitute SELLER'S sole remedy in equity and law."  Exhibit 1 to **Attachment 1.**

7.   Pursuant to M.G.L. c. 61, the Plaintiff notified the Town of Stow that she intended to sell the property and forwarded a copy of the P&S. Letter dated October 16, 2002, at **Attachment 2**; Defendant TPL Summary Judgment Statement of Facts, ¶ 40 and attachments referenced therein. This notification initiated the 120-day notice requirement during which the Town could exercise its right of first refusal to purchase the property or assignment its right of first refusal to purchase the property to a non-profit conservation organization.  Id**.**

---

[2]   The defendant, the Trust for Public Land ("TPL"), has also filed a motion for summary judgment with an accompanying statement of facts and memorandum of law.  The defendant Town incorporates herein those relevant statements of fact contained therein and also incorporates TPL's arguments as indicated in the Town's memorandum of law in support of summary judgment.

2

8. A group of Stow residents in close proximity, who became known as the Friends of Red Acre, contacted the Trust for Public Land ("TPL") as a potential conservation non-profit organization to whom the Town of Stow could assign its right of first refusal to purchase the property. Defendant TPL Summary Judgment Statement of Facts, ¶¶ 41-42, and attachments referenced therein.

9. Craig MacDonnell, of TPL, met with representatives of the Town of Stow and assured the Town and the Plaintiff and her representatives that TPL in the past had always honored an assignment of right of first refusal. Deposition of Craig MacDonnell, p. 74, at **Attachment 3**; Plaintiff's Complaint, ¶ 20, at **Attachment 1**.

10. In addition, members of the Board of Selectmen spoke with other municipalities where TPL had done projects, spoke with other conservation groups who reported that TPL had a good reputation and researched TPL through its literature and website. The Board of Selectmen also posed written questions to and got written answers for those questions from TPL prior to deciding whether to assign TPL the right of first refusal to purchase the property in accordance with Chapter 61. The members of the Board of Selectmen involved believed that TPL had the ability to honor the assignment and make the project work. Deposition of Edward Perry, pp. 10, 12-14, 36-40, 54, 66, 81-82, 88, 89, at **Attachment 4**; Deposition of Gregory Jones, p. 21, at **Attachment 5**; question and answer form at **Attachment 6.** See also Defendant TPL Summary Judgment Statement of Facts, ¶ 49 and attachments referenced therein.

11. On February 11, 2003, the Board of Selectmen for the Town of Stow voted to assign the Town's right under Chapter 61, § 8 to purchase the property to the TPL. The Town notified the Plaintiff of its vote by letter dated February 12, 2003,

and enclosed a copy of the Assignment. Assignment and Acceptance, at Exhibit 2 to **Attachment 1**; Letter dated February 12, 2003 to Ms. Kunelius, at Exhibit 2 to **Attachment 1**; Plaintiff's Complaint, ¶ 26, at **Attachment 1**.

12.   The Trust For Public Land accepted the assignment of the right of first refusal to purchase the property.  Acceptance of Assignment, at Exhibit 2 to **Attachment 1**.  The Assignment stated that "Town hereby assigns and transfers all of its Rights of First Refusal to exercise an option to purchase the property…" Id.

13.   On February 13, 2003, TPL notified the plaintiff that the Town had assigned its right of first refusal to it.  Letter at Exhibit 4 to **Attachment 1**.  TPL further notified the plaintiff that it "elects to exercise the Right of First Refusal under M.G.L. c. 61, Section 8 that was assigned to TPL by the Town of Stow and assume the position of buyer under the above-referenced agreement."  Id.

14.   TPL transmitted with that letter a check in the amount of $11,500 payable to the plaintiff.  Id.  This sum represented the initial $10,000 deposit required by the Agreement and the first monthly $1500 deposit due each month until closing. Exhibit 4 to **Attachment 1**; Exhibit 1 to **Attachment 1**.

15.   At no time did Stow and TPL hold themselves out as legal partners in the purchase of the property.  Defendant TPL Summary Judgment Statement of Facts, ¶ 57 and attachments referenced therein.

16.   TPL made a formal proposal for funding of its undertaking to the Stow Community Preservation Committee ("CPC").  The CPC approved a total of $400,000.  This plan went before the Stow Town Meeting, which voted to approve both categories of the requested funds.  Defendant TPL Summary Judgment Statement of Facts, ¶ 59 and attachments referenced.

17.     Despite its fundraising and others efforts to close the purchase, TPL subsequently defaulted on the P&S Agreement.  The closing date came and went and TPL did not close on the property on September 26, 2003.  Deposition of Peter Kachajian, pp. 140-141, 146, at **Attachment 7**; Deposition of James Boothroyd, p. 111, at **Attachment 8**.

18.     The Plaintiff retained all deposits that had been made to her under the Agreement (the $10,000 initial deposit plus all of the $1500 monthly deposits paid in the months following the Assignment, for a total of $19,000).  Defendant TPL Summary Judgment Statement of Facts, ¶ 77 and attachments referenced.

19.     The Plaintiff still owns the property.

20.     The failed P&S Agreement did not impair the plaintiff's ability to sell or use the Property.  Defendant TPL Summary Judgment Statement of Facts, ¶ 78.

21.     The Plaintiff has not tried to sell the Property since the default, and she admits that she is not currently trying to sell the Property.  Defendant TPL Summary Judgment Statement of Facts, ¶ 79.

22.     Several interested individuals have approached the plaintiff about buying the Property subsequent to the default, which plaintiff has rejected or failed to consider.  Defendant TPL Summary Judgment Statement of Facts, ¶ 81.

> Respectfully submitted,
> The Defendant, The Town of Stow,
> By its attorneys,
>
> */s/ Deborah I. Ecker*
> Deborah I. Ecker, BBO# 554623
> Deidre Brennan Regan, BBO# 552432
> BRODY, HARDOON, PERKINS & KESTEN, LLP
> One Exeter Plaza
> Boston, MA 02116
> (617) 880-7100

Dated: October 17, 2007