UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARILYN KUNELIUS,<br><br>    Plaintiff,<br><br>v.<br><br>TOWN OF STOW, et al.<br><br>    Defendants. | Civil Action No. 05-11697-GAO |

## MOTION FOR SUMMARY JUDGMENT OF DEFENDANT
## THE TRUST FOR PUBLIC LAND

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendant The Trust for Public Land ("TPL") hereby moves for summary judgment on all remaining counts of the Complaint filed by Plaintiff Marilyn Kunelius. As set forth in greater detail in the accompanying Memorandum of Law and Statement of Undisputed Facts, TPL is entitled to summary judgment because after extensive discovery, Plaintiff has failed to establish facts sufficient to support any of her remaining claims.

The undisputed material facts establish that Plaintiff has already received the only remedy to which she is entitled for TPL's breach. Simply stated, this lawsuit arises out of a failed real estate transaction. Plaintiff entered into a Purchase and Sale Agreement ("Agreement") with a land developer, Cohousing Resources, LLC, in October of 2002. Because Plaintiff classified the land at issue under Chapter 61 of the Massachusetts General Laws, the Town of Stow had a right of first refusal to purchase the land, which it voted to assign to TPL under the terms of Chapter 61. TPL, a nonprofit conservation organization, accepted the assignment and thereby stepped into the shoes of Cohousing in the Agreement. After expending

significant time and money to complete the purchase, TPL ultimately defaulted on the Agreement, forfeiting thousands of dollars already paid to Plaintiff as deposits under the Agreement. Despite the fact that the Agreement specifically provides for retention of those deposits as her sole remedy at equity and law, Plaintiff filed this lawsuit against TPL for specific performance, money damages, interest, costs, and fees. Plaintiff's argument that she is entitled to relief beyond the liquidated damages expressly identified as her exclusive remedy has no support in the law or the undisputed facts adduced during discovery.

Plaintiff's additional claims in tort, M.G.L. c. 93A, and 42 U.S.C. § 1983 find no support in the record and are merely piled onto the breach of contract claim. The undisputed material facts show that TPL did no more than use a legal mechanism to attempt to conserve the Property. There is no evidence that TPL misled Plaintiff or that she relied on any representation made by TPL, and Plaintiff herself acknowledges that she was legally unable to change her position during the assignment process. Her claims against an alleged partnership between TPL and the Town of Stow fail on the undisputed facts because she has presented no evidence establishing any such partnership, and her constructive taking claim fails because there is no evidence TPL acted under color of state law or deprived her of her Property.

WHEREFORE, for these reasons and those set forth more fully in TPL's Memorandum of Law and Statement of Undisputed Facts filed herewith, TPL respectfully requests that the Court grant this motion and enter summary judgment in its favor on all remaining counts.

### REQUEST FOR ORAL ARGUMENT

TPL believes that oral argument may assist the Court and wishes to be heard. Accordingly, TPL requests that the Court grant a hearing on this Motion pursuant to Local Rule 7.1(D).

Dated: October 17, 2007

Respectfully submitted,

THE TRUST FOR PUBLIC LAND

By its attorneys,

*/s/ Richard A. Oetheimer*
Richard A. Oetheimer (BBO # 377665)
Dahlia S. Fetouh (BBO # 651196)
Patricia A. Murphy (BBO # 665056)
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

## CERTIFICATION UNDER LOCAL RULE 7.1 AND CERTIFICATE OF SERVICE

I, Patricia Murphy, hereby certify that counsel for The Trust for Public Land conferred with Michael McLaughlin, counsel for Plaintiff, in a good faith attempt to narrow the issues in this motion prior to its filing. The parties were unable to reach any agreement on the issues raised in this motion and memorandum of law.

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 17, 2007.

*/s/ Patricia M. Murphy*
Patricia M. Murphy