UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-11697GAO

MARILYN KUNELIUS
        Plaintiff,

        v.

TOWN OF STOW, separately, A
PARTNERSHIP OF UNKNOWN NAME
BETWEEN TOWN OF STOW and the TRUST
FOR PUBLIC LAND, THE TRUST FOR
PUBLIC LAND separately and CRAIG A.
MACDONNELL, in his individual capacity
        Defendants

## DEFENDANT TOWN OF STOW'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Defendant, the Town of Stow, submits this memorandum of law in

opposition to the Plaintiff's motion for summary judgment.  The Town seeks

summary judgment in its favor and has separately served a motion and papers in

support of such request.  So, too, has the Defendant The Trust for Public Land

("TPL").  The Town incorporates the same herein by this reference.

## Introduction

The Plaintiff's "Introduction" to his memorandum of law reveals the lack

of basis for any claim against the Town of Stow.  It confirms that the nub of the

Plaintiff's complaint is that the Trust for Public Land ("TPL") exercised the right

of first refusal but then did not purchase the property.   Admittedly then, it was

not the Town who defaulted.   The Town was out of the arrangement by virtue of

its assignment of the right of first refusal to TPL, a process expressly permitted

by G.L. c. 61 as discussed in the Town's memorandum of law in support of its

1

motion for summary judgment.  In this respect then, much of the Plaintiff's argument in its introduction as to a "common sense" analysis actually lacks common sense because it totally ignores the fact of, and effect of, the Town's assignment as permitted by statute.

## Argument

**A.    The Plaintiff's Motion for Summary Judgment Confirms that the Town Is Entitled to Summary Judgment in Its Favor on the Plaintiff's Complaint.**

Count I (contract and specific performance) and Count VI (violation of 42 U.S.C. §§ 1983 and 1988) are the only counts directed at Stow.  Yet, as discussed further below, the Plaintiff includes Stow in his discussion of other counts for claims that are not even lodged against Stow.  For the reasons discussed below, Stow is entitled to summary judgment in its favor on all counts.

### I. Count I Against the Town for Specific Performance Fails.

The Plaintiff's argument as to Count I confirms the absence of a claim against the Town for specific performance.  The Plaintiff acknowledges that the Town assigned its first refusal option to TPL.  As the Town discusses in its response to the Plaintiff's "Summary Judgment Motion," which response is incorporated herein, under G.L. c. 61, § 8, a town's right of first refusal ripens into an option to purchase when the town receives notice of an intended sale of land for residential, industrial or commercial use.  "An option is simply an irrevocable offer creating a power of acceptance in the optionee".  Stapleton v. Macchi, 401 Mass. 725, 729 n. 6, 519 N.E.2d 273 (1988).  An option does not thereby evidence a contract.  See "Instrument for purchase of land as a contract or an option."_ 87 A.L.R. 563 and cases cited; Kelley v. Ryder, 276 Mass. 24, 176

N.E. 516 (1931).   It is an option or "power of acceptance" that the statute permits the Town to assign to a non-profit conservation organization and which the Town did assign here to TPL.   See generally AmJur.2d Assignments § 155 (once an assignment is made, all interests and rights of the assignor are transferred to the assignee, and the assignor losses all control over the thing assigned).

It is undisputed that the Town assigned its right of first refusal option to TPL and it is undisputed that it was TPL that exercised the option – not the Town.   See Exh. 3 and 4 to Complaint. It was TPL, not the Town, that then had a contract with the Plaintiff.   The Town was not a party to the same.   It was TPL, not the Town that defaulted on the purchase and sale agreement.   The Plaintiff's argument reveals as much where (1) it is phrased in terms of things TPL did or did not do (i.e. that "TPL unilaterally decided it would not develop the Property under the provisions of c. 40B" at page 7) and (2) acknowledges that, prior to assigning the right to TPL, the Town had been informed that TPL had never failed at any time to honor an assignment of a right of first refusal.   Plaintiff's memorandum, p. 8.   The latter point certainly undercuts the Plaintiff's argument (which does not even appear relevant in terms of the law in the area of assignments) that "Stow remains liable" despite the assignment because "it was aware" of her concerns about a default when it assigned the right to TPL.

The Plaintiff's argument as to promissory estoppel only serves to highlight the failings of her claim against the Town.   It fails for a number of reasons – the primary one being that, in Massachusetts, the doctrine of promissory estoppel may not be invoked against the government.   McAndrew v. Sch. Comm. of Cambridge, 20 Mass. App. Ct. 356, 360, 480 N.E.2d 327 (quoting 4

Davis, Administrative Law § 20.2 (2d ed. 1983), cited in Pavone v. City of Worcester, 2006 WL 2424706 (Mass. Super. 2006).

In light of the above, the Plaintiff's claim for breach of contract and specific performance against Stow fails. The Plaintiff certainly is not entitled to summary judgment on the same.

II.     **The Plaintiff's Complaint Does Not Assert Claims for Violation of Ch. 93A, Intentional Interference with Contractual Relationship, or Fraud and Misrepresentation Against the Town and The Town, In any Event, Would Be Entitled To Summary Judgment on Any Such Theories.**

In Argument II of her Memorandum of Law, the Plaintiff argues she is entitled to summary judgment "against Stow" under c. 93A for unfair and deceptive trade practices. She references Count II and III of her complaint. Those counts, however, were not directed at Stow. Neither were Counts V (Intentional Interference with Contractual Relationship) and Count VII (Fraud and Misrepresentation). Her arguments against Stow with respect to the same thus fail.

In any event, even if asserted in the complaint against Stow, such claims could not be maintained against the Town. The Town is immune from the intentional torts of fraud and misrepresentation and intentional interference with contractual relations by virtue of M.G.L. c. 258, § 10(c). See 18C Massachusetts Practice § 39.6. Meanwhile, there is no case deciding that a municipality may be liable under M.G.L. c. 93A in the first instance, but a municipality clearly would not be liable under the statute for conduct motivated by legislative mandate or governmental function (i.e. conduct taken pursuant to M.G.L. c. 61), and not "trade or commerce." See Park Drive Towing, Inc. v. City of Revere, 442 Mass. 80, 809 N.E.2d 1045, 1051 (2004) (stating there has been no occasion to decide

4

whether a municipality is amenable to the provisions of G.L.c. 93A, but that a municipality clearly would not be liable where it was not acting in a "business" context, but was motivated by legislative mandate or public function).

The Plaintiff certainly, too, was not engaged in trade or commerce for purposes of c. 93A, § 11. Her broker acknowledged that the sale of the Plaintiff's property was residential, not commercial. TPL's Statement of Facts In Support of Its Motion for Summary Judgment, ¶ 16. Persons selling their private homes generally are not considered as engaged in trade or commerce for purposes of § 11. <u>Begelfer v. Najarian</u>, 381 Mass. 177, 191 (1980). <u>See also</u> <u>Lantner v. Carson</u>, 374 Mass. 606, 612 (1978)(c. 93A does not reach strictly private transactions such as the sale of a private home).

Any purported claim under § 9 of c. 93A would likewise fail given the absence of any demand letter. <u>Spilios v. Cohen</u>, 38 Mass. App. Ct. 338, 342-43, 647 N.E.2d 1218 (1995)(affirming summary judgment on c. 93A claim because plaintiff failed to allege and prove demand letter).

Argument II of the Plaintiff's summary judgment memorandum thus fails to state any claim as against the Town of Stow.

**III.    The Town Did Not Engage In "Bad Acts with regard to the IRS" And, Further, Plaintiff Has Not Even Tied Any Such Allegations to Either of the Two Counts Asserted Against the Town.**

Argument III of the Plaintiff's memorandum suffers the same fate as Argument II where it pertains to intentional claims that were not, and cannot be, asserted against the Town. Indeed, the entire discussion at Argument III is in terms of Counts II, III and VII and contentions of "fraud and misrepresentations." As discussed above, such claims cannot be and have not been asserted against the Town.

VII.[1] **There Was No "Partnership of Stow and TPL" and Plaintiff Cannot Circumvent MGL c. 258, and Try to Assert Intentional Claims Against Stow Via Such Alleged Theory**.

The Plaintiff asserts various counts not against Stow separately but against an alleged entity he refers to as a "Partnership of Stow and TPL."  A partnership, however, is an association of two or more persons to carry on as co-owners a business for profit.  M.G.L. c. 108A, § 6; Boyer v. Bowles, 310 Mass. 134, 138, 37 N.E.2d 489 (1941); Fenton v. Bryan, 33 Mass. App. Ct. 688, 691, 604 N.E.2d 56 (1992).  Factors relevant to whether there is a partnership include the existence of an agreement to act as partners, a sharing of loss and profits, and participation by the parties in the control and management of the enterprise.  Boyer, 310 Mass. at 138; Fenton, 33 Mass. App. Ct. at 691.

There is no evidence to establish any partnership in fact. There is no evidence that there was an express written or oral partnership agreement between Stow and TPL, that they shared losses and profits, or that the Town participated in the management of the project.  The Plaintiff does not contend otherwise.  Instead, she argues only that certain documents  "outline the extent of partnership" between Stow and TPL.  The Plaintiff acknowledges that the references in such documents to TPL working in "partnership" with the Town were described as having been made strictly in a "colloquial" sense, and not a "legal" sense.  Plaintiff's Memorandum, pp. 49-50.   To counter this fact, the Plaintiff maintains there is no "colloquial" meaning of the word "partnership." Id.  He is incorrect.  Courts do recognize the distinction.  See, e.g. Dinco v. Dylex, Ltd., 111 F.3d 964, 969 (1st Cir. 1997) (distinguishing "colloquial usage of term

_____

[1]    Arguments IV, V and VI are directed to TPL.

'partner'" from the "*legal relationship* that broadly imposes liability without fault upon otherwise innocent parties") (emphasis in original); <u>Southex Exhibitions v. Rhode Island Builders Assn.</u>, 279 F.3d 94, 101 (1st Cir. 2002) (no error in finding party did no employ "the term 'partners' in its strict legal sense, but merely in its colloquial sense…."). Plaintiff's argument in this respect thus fails.

So, too, does the Plaintiff's argument that Stow is "estopped" to deny the existence of a partnership with TPL fail. Again, estoppel theories generally do not apply against the government. 18C <u>Massachusetts Practice</u> § 40.4 and cases cited. In any event, the Plaintiff has not established facts to allow her to recover based on a partnership by estoppel. The essential factors giving rise to an estoppel are (1) a representation or conduct amount to a representation intended to induce a course of conduct on the part of the person to whom the representation is made; (2) an act or omission resulting from the representation by the person to whom the representation is made; and (3) detriment to such person as a consequence of the act or omission. <u>Id</u>. More particularly, four elements must be proved to establish liability under a theory of partnership by estoppel: (1) that the would-be partner held himself out as such; (2) that such holding out was done by the defendants directly or with his consent; (3) that the plaintiff had knowledge of such holding out; and (4) that the plaintiff relied upon the ostensible partnership to her prejudice. M.G.L. c. 108A, § 16; <u>Brown v. Gerstein</u>, 17 Mass. App. Ct. 558, 571 (1984).

Here, the Plaintiff has not established these elements. She has not show any representation as to the existence of a partnership between the Town and TPL let alone one intended to "induce a course of conduct" on her part regarding the same. Simply put, the plaintiff has not argued or alleged that she in any way

7

relied upon any representation of a partnership to her detriment.  The fact is that the Town had a statutory right of first refusal and could and did assign it to TPL. As the Plaintiff acknowledges, the process by which the Town made this assignment, and by which TPL exercised it, did not require or involve any action on her part.  TPL Statement of Facts, ¶¶ 54, 57.  Accordingly, the Plaintiff did not take or fail to take a certain course of action based upon any alleged partnership nor could she have relied upon any such representations to her prejudice.

In any event, it bears note that the Plaintiff cannot circumvent the strictures of M.G.L. c. 258 (providing the town immunity from intentional torts) simply by asserting claims against the Town via an alleged "partnership" concept.  Such allegations don't alter the fact that the Town is still a municipality entitled to certain protections and immunities under the law.[2]

For all of these reasons, the Plaintiff's purported claims against an alleged partnership fail as a matter of law.  See Burns v. Beatrice, 63 Mass. App. Ct. 1119 (2005) (summary judgment in c. 93A case because plaintiff failed to prove partnership in fact or partnership by estoppel).

### VIII.  The Plaintiff's Section 1983 Claim Against the Town Fails

In Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978), the Supreme Court held that a plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or a "custom" that caused the plaintiff's injury. A plaintiff must meet the requirements for such a § 1983 claim, including showing a custom or practice

---

[2]     Additionally, another fact that is fatal to the plaintiff's claims is that she never served a M.G.L.c . 258 presentment letter or a M.G.L. c. 93A demand letter upon the Town or any claimed "partnership" entity.

attributable to the municipality that is "so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir. 1989).

The Plaintiff here has not alleged, and has not shown, any such municipal custom or policy.  The § 1983 claim, and the complaint as a whole, reads in terms of the default or "reneging" on the P&S.  As discussed above, and in the separately filed summary judgment papers of both the Town TPL (both of which are incorporated herein by this reference), the Town had nothing to do with the P&S and the responsibility for closing the transaction lay with TPL, not the Town.  The Town cannot be said to have had any "custom or policy" in terms of the default on the P&S.   Moreover, it was not a "state actor" involved in the default of the contract or an "impairment of contract."[3]  The § 1983 claim against the Town fails on this basis.

The Plaintiff's § 1983 claim would otherwise fail given that she has not established the deprivation of any constitutional right, a key underpinning of any § 1983 claim.  In her complaint, the Plaintiff claims she was unlawfully deprived her of property without just compensation under the Fifth Amendment through a "constructive taking" of the value of her property.  She does not

---

[3]     The Plaintiff, at page 54 of her memorandum, references a "contracts clause" as being enforceable under § 1983.  Apart from the failing to make any such showing as to the applicability of this clause here, the Plaintiff never even raised an allegation as to the same in her complaint.

pursue or discuss this contention in her summary judgment motions.  Indeed, it is without merit.[4]

Instead, in her memorandum of law, the Plaintiff invokes a "class of one" equal protection claim, citing Village of Willowbrook v. Olech, 120 S.Ct. 1073 (2000).  However, in order to establish an equal protection claim, a plaintiff must prove that, compared with others similarly situated, she was selectively treated based on impermissible considerations, such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.  See Barrington Cover Ltd. Partnership v. Rhode  Island Housing and Mortgage Fin. Corp., 246 F.3d 1, 7 (1st Cir. 2001); 18 Mass. Prac. § 401.

Here, the Plaintiff simply makes the blanket assertion that the Town treated here differently, without contending that it was based on any impermissible consideration.  "Th[is] burden is an onerous one" that the Plaintiff has not met it.  Pariseau v. City of Brockton, 135 F.Supp.2d 257, 264 (D. Mass. 2001).  Conclusory allegations are insufficient to ward of summary judgment on their civil rights claim.  See Burns v. State Police Ass'n of Mass., 230 F.3d 8, 9 (1st Cir. 2000) (party opposing summary judgment "may not rely on conclusory allegations and unsupported speculation ... even when elusive concepts like motive or intent are at issue...."); Rogan v. City of Boston, 267 F.3d 24 (1st Cir. 2001) (plaintiff who aspires to ward off summary judgment cannot rest on

---

[4]    Not realizing the Plaintiff was not pursuing a takings claim, the Town addressed it in its motion for summary judgment.  Such claim fails for the reasons discussed therein, including the fact that (1) a taking involves governmental action but, again, it was not the Town who took any action regarding the property and (2) the Plaintiff was not deprived of all or most of her interest in the subject matter.  See Trager v. Peabody Redevelopment Authority, 367 F. Supp. 1000, 1002 (D. Mass. 1973). The Plaintiff still owns her property and has beneficial use of it.

conclusory allegations, empty rhetoric, unsupported speculation).   Indeed, the Town's action was not based upon impermissible considerations but was taken pursuant to statutory authority.  The Plaintiff's claim fails on this basis alone.

The Plaintiff's claim also fails on the "similarly situated" prong.  See Samaad v. City of Dallas, 940 F.2d 925, 941 n. 31 (5th Cir. 1991) (a "similarly situated" allegation is essential to a viable equal protection claim).  It is this comparative element that distinguishes the Equal Protection Clause.  See Ross v. Moffitt, 417 U.S. 600, 609, 94 S.Ct. 2437, 41 L.Ed.2d 341(1974).   The Plaintiff has made no showing that she was "similarly situated" to others who were treated differently.  Lakeside Builders, Inc. v. Planning Bd. Of Franklin, 2002 WL 31655250 (D. Mass. 2002) (dismissing claim when insufficient specifics were alleged to support conclusory allegation that plaintiff was "similarly situated" to others who were treated differently).

Further, the Plaintiff cannot establish that the Town's alleged different treatment had no "rational basis." See generally Village of Willowbrook v. Olech, 528 U.S.562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (plaintiff must show he has been intentionally treated differently from others similarly situated and without any rational basis for the difference in treatment).  The "no rational basis" standard requires that the Plaintiff  "present evidence that the defendant deliberately sought to deprive [them] of the equal protection of the laws for reasons of a personal or improper nature unrelated to the duties of the defendant's position."  Hilton v. City of Wheeling, 209 F.3d 1005, 1008 (7th Cir. 2000); accord Lakeside Builders, Inc., supra.  This showing requires "more than just a perceived difference in treatment for which the plaintiff has received an unsatisfactory explanation."  Id.   It is a very high standard and must be

11

scrupulously met.  <u>Rubinovitz v. Rogato</u>, 60 F.3d 905, 911 (1st Cir. 1995).  It has

not been met here, with the Plaintiff again making only conclusory assertions.

　　　　The Plaintiff has thus failed to establish the claim of a violation of equal

protection, and her civil rights claim fails.

<u>**Conclusion**</u>

　　　　For the reasons set forth above, as well as those set forth in the Town's

Motion for Summary Judgment and supporting memorandum as well as TPL's

Motion for Summary Judgment and supporting memorandum (both of which

are incorporated herein by this reference), the Plaintiff's motion for summary

judgment against the Town of Stow should be denied, and summary judgment

instead should enter in favor of the Defendant Town of Stow on all counts

asserted against it in the complaint.

　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　The Defendant,
　　　　　　　　　　The Town of Stow,
　　　　　　　　　　By its attorneys,

　　　　　　　　　　*/s/ Deborah I. Ecker*
　　　　　　　　　　Deborah I. Ecker, BBO# 554623
　　　　　　　　　　Deidre Brennan Regan, BBO# 552432
　　　　　　　　　　BRODY, HARDOON, PERKINS & KESTEN, LLP
　　　　　　　　　　One Exeter Plaza
　　　　　　　　　　Boston, MA 02116
　　　　　　　　　　(617) 880-7100

DATED: November 16, 2007

**CERTIFICATE OF SERVICE**

I, Deborah Ecker of the law firm of Brody, Hardoon, Perkins & Kesten, LLP, do hereby certify that on November 16, 2007, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which would then notify the following CM/ECF participants in this case:

**Michael C. McLaughlin, Esq.**
**Law Offices of Michael C. McLaughlin**
**One Beacon Street, 33rd Floor**
**Boston, MA 02108**
**[Attorney for the Plaintiff]**

**Richard A. Oetheimer, Esq.**
**Patricia Murphy, Esq.**
**Goodwin Proctor, LLP**
**Exchange Place**
**53 State Street**
**Boston, MA 02109**
**[Attorneys for Defendants Trust for Public Land**
**and Craig MacDonnell]**

*/s/ Deborah I. Ecker*
Deborah I. Ecker, BBO# 554623

DATED: November 16, 2007