UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-11697GAO

| |
|---|
| MARILYN KUNELIUS<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF STOW, separately, A PARTNERSHIP OF UNKNOWN NAME BETWEEN TOWN OF STOW and the TRUST FOR PUBLIC LAND, THE TRUST FOR PUBLIC LAND separately and CRAIG A. MACDONNELL, in his individual capacity<br><br>    Defendants |

**DEFENDANT TOWN OF STOW'S, RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS CONTAINED IN PLAINTIFF'S SUMMARY JUDGMENT MOTION AGAINST THE TOWN OF STOW**

    The Defendant, Town of Stow, opposes the Plaintiff's motion for summary judgment. The Town seeks summary judgment in its favor and has separately served a motion and papers in support of such request, including its Statement of Facts. So, too, has the Defendant The Trust for Public Land ("TPL"). The Town incorporates those filings herein by this reference.

    In addition, the Town hereby responds to each numbered paragraph of the Plaintiff's Statement of Undisputed Facts as follows:

    1.    The Defendant admits the allegations contained in paragraph 1.

    2.    The Defendant admits the allegations contained in paragraph 2.

    3.    The Defendant admits the allegations contained in the first sentence of paragraph 3. The Defendant states that the second sentence of

paragraph 3 is a statement of law to which no response is required. To the extent that a response is required, the allegations are denied.

4. The Defendant denies the allegations contained in paragraph 4.

5. The Defendant admits the allegations contained in paragraph 5.

6. The Defendant admits that the Friends of Red Acre ("FORA") was an unincorporated group of Stow's citizens who were abutters and neighbors in the general vicinity to the Property. The Defendant denies the remaining allegations contained in paragraph 6.

7. The Defendant admits the allegations contained in paragraph 7

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. The Defendant admits that the purchase price for the Property was $1,116,900.00. Further answering, the Defendant states that the P&S speaks for itself. To the extent that the document is inconsistent with the allegations, the allegations are denied.

10. The Defendant admits the allegations contained in paragraph 10.

11. The Defendant admits that the P&S with Cohousing anticipated a 30 house subdivision under M.G.L. c. 40B. The Defendant states that the P&S speaks for itself. To the extent that the remaining allegations are inconsistent with the provisions of M.G.L c. 40B, the remaining allegations are denied.

12. The Defendant admits that Chapter 61 grants the Town the right of first refusal. The Defendant states that the statute speaks for itself.

           To the extent that the allegations are inconsistent with the statute, those allegations are denied.

13. The Defendant admits the allegations contained in paragraph 13.

14. The Defendant denies the allegations contained in the first sentence of paragraph 14. The second, third, and fourth sentences of paragraph 14 are statements of law to which no response is required. To the extent that the allegations are inconsistent with the law, the allegations are denied.

15. The Defendant admits the allegations contained in paragraph 15 to the extent that Town Counsel was concerned that Stow could potentially be a party to a lawsuit even though the claim had no merit. The Defendant denies the remaining allegations contained in paragraph 15.

16. The Defendant admits the allegations contained in paragraph 16.

17. The Defendant admits the allegations contained in paragraph 17.

18. The Defendant states that Exhibit 4 speaks for itself. To the extent that the allegations contained in paragraph 18 are inconsistent with Exhibit 4, those allegations are denied.

19. The Defendant admits that Town Counsel wrote a letter in response to questions from the Town Manager and discussed the indemnification and possibility that the Town of Stow could be the subject of a lawsuit even if they believed the suit had no merit. The Defendant denies the remaining allegations contained in paragraph 19.

20. The Defendant admits the allegations contained in paragraph 20.

21. The Defendant admits that Kunelius had a telephone conversation with MacDonnell. The Defendant denies the remaining allegations contained in paragraph 21.

22. The Defendant denies the allegations contained in paragraph 22.

23. The Defendant admits the allegations contained in paragraph 23.

24. The Defendant admits that TPL used the term "partner" in the colloquial sense. The Defendant denies the remaining allegations contained in paragraph 24.

25. The Defendant admits that the time of the transfer, the Town agreed to request that citizens of Stow vote to approve funds to assist in purchase of 42 acres at a future Town Meeting. There was no guarantee the funds would be approved.

26. The Defendant denies the allegations contained in paragraph 26.

27. The Defendant admits that Stow knew that TPL was not going to build a 30 unit housing project pursuant to 40B on the property prior to assigning its ROFR. The Defendant denies the remaining allegations contained in paragraph 27.

28. The Defendant states that the fact sheet speaks for itself. To the extent that the fact sheet is inconsistent with the allegations contained in paragraph 28, those allegations are denied.

29. The Defendant denies the allegations contained in paragraph 29.

30. The Defendant admits the allegations contained in paragraph 30.

31. The Defendant denies the allegations contained in paragraph 31.

32. The Defendant admits that <u>after</u> TPL breached the P&S and the agreement was no longer in place, TPL made efforts to purchase

the property from the Plaintiff.  The Defendant denies the remaining allegations contained in paragraph 32.

33. The Defendant admits that <u>after</u> TPL breached the agreement, TPL made an effort to purchase the property, making offers which renegotiated the purchase price. The Defendant denies the remaining allegations contained in paragraph 33.

34. The Defendant denies the allegations contained in paragraph 34.

35. The Defendant admits that at some point, TPL was aware that they would need variance and special permits.

36. The Defendant states that the document speaks for itself.  To the extent that the allegations differ from the document, those allegations are denied.

37. The Defendant states that the document speaks for itself.  To the extent that the allegations differ from the document, those allegations are denied.

38. The Defendant states that the document speaks for itself.  To the extent that the allegations differ from the document, those allegations are denied.

39. The Defendant denies the allegations contained in paragraph 39.

40. The Defendant denies the allegations contained in paragraph 40.

41. The Defendant denies the allegations contained in paragraph 41.

42. The Defendant denies the allegations contained in paragraph 42.

43. The Defendant denies the allegations contained in paragraph 43.

44. The Defendant states that MacDonnell's notes speak for themselves. To the extent that the notes differ from the allegations, those allegations are denied.

45. The Defendant denies the allegations contained in paragraph 45.

46. The Defendant denies the allegations contained in paragraph 46.

47. The Defendant denies the allegations contained in paragraph 47. The P&S speaks for itself. To the extent that the Plaintiff's allegations contained in paragraph 47 differ from the P&S, the allegations are denied.

48. The Defendant admits that TPL had not applied for variance. The Defendant denies the remaining allegations contained in paragraph 48.

49. The Defendant denies the allegations contained in paragraph 49.

50. The Defendant admits that the exhibit speaks for itself. To the extent that allegations differ from the exhibit, those allegations are denied.

51. The Defendant states that the application speaks for itself. To the extent that the allegations differ from the exhibit, those allegations are denied.

52. The Defendant denies the allegations contained in paragraph 52. Exhibit II speaks for itself. To the extent that the allegations differ from Exhibit II, those allegations are denied.

53. The Defendant admits that Ms. Furman testified that she heard Mr. MacDonnell state that TPL had never failed to close on a property under a right of first refusal that had been assigned under Chapter

        61 the Defendant denies the remaining allegations contained in paragraph 53.

54. The Defendant states that the letter speaks for itself. To the extent that the allegations in paragraph 54 differ from the exhibit, those allegations are denied. The Defendant admits at the time the letter was written, Stow had already assigned its ROFR.

55. The Defendant denies the allegations contained in paragraph 55.

56. The Defendant denies the allegations contained in paragraph 56.

57. The Defendant denies the allegations contained in paragraph 57.

58. The Defendant admits that TPL did not intend to build a 30 unit housing development pursuant to M.G.L. c. 40B and held discussions internally about the property. The Defendant denies the remaining allegations contained in paragraph 58.

59. The Defendant admits the allegations contained in paragraph 59.

60. The Defendant admits that TPL and MacDonnell contacted FORA and informed them that even if TPL could get the variance and Stow continues to want to invest [$400,000] in the project, TPL had concluded that TPL cannot go forward with the P&S unless the Plaintiff lowers the purchase price.

61. The Defendant admits the allegations contained in paragraph 61.

62. The Defendant states that the letter speaks for itself. To the extent that the letter differs from the allegations contained in paragraph 62, those allegations are denied.

63. The Defendant denies the allegations contained in paragraph 63.

64. The Defendant admits that TPL contacted the Plaintiff's counsel and broker and stated that TPL would not be able to purchase the property at original purchase price. The Defendant denies the remaining allegations contained in paragraph 64.

65. The Defendant admit that TPL attempted to negotiate a lower purchase price with the Plaintiff and believed that the Plaintiff might be cooperative if TPL had a credible plan to fund the acquisition. The Defendant denies the remaining allegations.

66. The Defendant states that the letter speaks for itself. To the extent that the letter differs from the allegations contained in paragraph 66, those allegations are denied.

67. The Defendant admits the allegations contained in paragraph 67.

68. The Defendant denies the allegations contained in the first sentence of paragraph 68. The Defendant admits that either the document or its content were discussed by an individual member of the Board of Selectmen at a meeting. Further answering, the Defendant states that the document speaks for itself. To the extent that the allegations differ from the letter, those allegations are denied.

69. The Defendant admits that Town Meeting voted to appropriate $400,000 through its Community Preservation Committee to contribute towards the purchase of the property. The warrant article speaks for itself and to the extent that the allegations contained in paragraph 69 differ from the warrant article, they are denied.

70. The Defendant states that the exhibit speaks for itself. To the extent that the allegations differ from the exhibit, those allegations are denied.

71. The Defendant admits the allegations contained in paragraph 71.

72. The Defendant states that Exhibit G speaks for itself. To the extent that Exhibit G differs from the allegations contained in paragraph 72, those allegations are denied.

73. The Defendant admits the allegations contained in paragraph 73. The Defendant states that Exhibit 12 speaks for itself. To the extent that Exhibit 12 differs from the allegations contained in paragraph 73, those allegations are denied.

74. The Defendant admits that MacDonnell met with Kunelius, Kunelius' counsel and Jim Boothroyd, a local real estate broker, and David Norris, Mrs. Kunelius' husband after TPL defaulted on the agreement. The Defendant denies the remaining allegations contained in paragraph 74.

75. The Defendant states that Exhibit 11 speaks for itself. To the extent that Exhibit 11 differs from the allegations contained in paragraph 75, those allegations are denied.

76. The Defendant admits the allegations contained in paragraph 76.

77. The Defendant denies the allegations contained in paragraph 77.

78. The Defendant denies the allegations contained in paragraph 78.

79. The Defendant denies the allegations contained in paragraph 79.

80. The Defendant denies the allegations contained in paragraph 80.

81. The Defendant states that Exhibit 11 speaks for itself. To the extent that Exhibit 11 differs from the allegations contained in paragraph 81, those allegations are denied.

82. The Defendant admits the allegations contained in paragraph 82.

83. The Defendant admits the allegations contained in paragraph 83.

84. The Defendant denies the allegations contained in paragraph 84.

85. The Defendant admits that TPL informed the Plaintiff that they had been unsuccessful in fundraising. The Defendant denies the remaining allegations contained in paragraph 85.

86. The Defendant denies that the property is listed as under the agreement.

87. The Defendant denies the allegations contained in paragraph 87.

\*   \*   \*

In addition to paragraph form statement of facts, the Plaintiff's motion contains a discussion of Plaintiff's legal arguments to which the Defendant Town responds as follows:

## COUNT I
## CONTRACT AND SPECIFIC PERFORMANCE

I. Denied that Stow breached the implied covenant of good faith and fair dealing and denied that there are any facts that qualify as "admissions that the Defendants unquestionably were in partnership" or that show that "Defendants undertook a deliberate course of action to mislead the Court and the Plaintiff" in any way. The Plaintiff's characterization of the Statement of Undisputed Facts is conclusory and self-serving.

II. Denied that Stow's "denial of the Partnership" with TPL was "bad faith." It is the Plaintiff who alleges a "partnership" and it is the Plaintiff who bears the burden of showing that a partnership existed. She has failed to make such showing. The Plaintiff's bare assertion that Stow's denial of having entered a partnership with TPL is "blatant and concocted" fails to aid the Plaintiff in her burden of proof.

III. Denied that Stow is "estopped" from arguing that the assignment of the right of first refusal relieved it from liability. The Plaintiff's argument otherwise makes no mention of M.G.L. c. 61, § 8 and the fact that this statute specifically permits a town to assign its right of first refusal option to a nonprofit conservation organization. Indeed, she cites to no cases involving an assignment of a right of first refusal at all. Instead, the Plaintiff cites to various cases from other states that involve the assignment of an existing contractual arrangement to which the assignor was a party.[1] This differs from the situation in this case.

---

[1] Vetter v. Security Continental Ins. Co., 567 N.W.2d 516 (Minn. 1997) (reinsurance arrangement between secondary and initial insurers); K&K Recycling, Inc. v. Alaska Gold Co., 80 P.3d 702 (Alaska 2003) (contract for sale of mining dredge); Valley Nat. Bank of Ariz. V. Byrne, 101 Ariz. 363, 419 P.2d 720 (1966)(assignment of money due under plumbing contract); Waverly Productions, Inc. v. RKO General, Inc., 217 Cal.App.2d 721, 32 Cal.Rptr. 73 (2d Dist. 1963) (assignment of contract for moving pictures distribution); Roget v. Grand Pontiac, Inc. 5 P.3d 341 (Colo. Ct. App. 1999), *opinion modified on denial of rehearing* (Jan. 6, 2000) (assignment of car lease agreement): Homa v. Friendly Mobile Manor, Inc., 93 Md. App. 337, 612 A.2d 322 (1992) (assignment of purchase agreement already executed by assignor); S O Designs USA, Inc. v. Rollerblade, Inc., 620 N.W.2d 48 (Minn. Ct. App. 2000) (assignment of license agreement); Fusco v. City of Union City, 261 N.J. Super. 332, 618 A.2d 914

Under G.L. c. 61, § 8, a town's right of first refusal ripens into an option to purchase when the town receives notice of an intended sale of land for residential, industrial or commercial use. "An option is simply an irrevocable offer creating a power of acceptance in the optionee". Stapleton v. Macchi, 401 Mass. 725, 729 n. 6, 519 N.E.2d 273 (1988). An option does not thereby evidence a contract. See "Instrument for purchase of land as a contract or an option,"_ 87 A.L.R. 563 and cases cited; Kelley v. Ryder, 276 Mass. 24, 176 N.E. 516 (1931). "There is a marked distinction between an option of sale and a contract for sale, although such distinction is frequently overlooked. …[An option] is not a sale; it is not even an agreement for a sale; at best it is but a right of election in the party receiving same to exercise a privilege, and only when that privilege has been exercised by acceptance does it become a contract to sell." Vance v. Roberts, 96 Fla. 379, 118 So. 205 (1928), cited in 87 A.L.R. 563. It is an option or "power of acceptance" that the statute permits the Town to assign to a non-profit conservation organization and which the Town did assign here to TPL. It is undisputed that the Town assigned its right of first refusal option to TPL and it is undisputed that it was TPL that exercised the option. See Exh. 3 and 4 to Complaint.

Town Counsel's letter to the Town Administrator discussing indemnity and the possibly of a lawsuit by the plaintiff does not alter this result. The Plaintiff also purports to "quote" an unidentified member of the Board of Selectmen but whatever that "quote" purports to be, the fact is that an opinion of

---

(App.Div. 1993) (assignment of obligations under stipulation of settlement arrangement). Meanwhile, plaintiff also cites to Shoreline Communic., Inc. v. Norwich Taxi, LLC, 70 Conn.App. 60, 797 A.2d 1165 (2002) which confirms that an assignee stands in the shoes of the assignor.

a member of a municipal board does not reflect a formal decision by, nor is it binding upon, the board. Carbone, Inc. v. Kelly, 289 Mass. 602, 605, 194 N.E. 701 (1935). Nor certainly is such opinion of any binding legal authority on principles of law.

### A. Plaintiff's Remedy is Limited to the Liquidated Damages Clause.

Even if the Town had not assigned the option to TPL but had itself exercised the right and then defaulted, it would still be entitled to summary judgment on Count for the reasons stated by TPL in its summary judgment memorandum at Argument I, which discussion is incorporated herein by this reference.

### B. Stow Is Not Liable by Virtue of Plaintiff's Concerns.

The Plaintiff argues that "Stow remains liable" despite the assignment to TPL because Stow "was aware" of her concerns about a default when it assigned the right to TPL. The Plaintiff makes no argument that such claimed "awareness" is in any way relevant in terms of the law in the area of assignment of a right of first refusal option. In any event, such contention certainly is undercut given the Plaintiff's own assertions that, prior to assigning the right to TPL, the Town had been informed that TPL had never failed at any time to honor an assignment of a right of first refusal. Plaintiff's memorandum of law, p. 8. There is no contention or dispute that the Town undertook due diligence in terms of TPL and its reputation.

### C. Promissory Estoppel May Not Be Invoked Against the Town.

In Massachusetts, the doctrine of promissory estoppel may not be invoked against the government. McAndrew v. Sch. Comm. of Cambridge, 20 Mass. App. Ct. 356, 360, 480 N.E.2d 327 (quoting 4 Davis, Administrative Law § 20.2

(2d ed. 1983), cited in Pavone v. City of Worcester, 2006 WL 2424706 (Mass. Super. 2006).

## COUNT VI
### 42 U.S.C. § 1983

Denied that this case involves Stow's interference with and impairment of Plaintiff's contract rights or that violations resulted from "use" of M.G.L. c. 61 or that there were any violations of the U.S. Constitution and 42 U.S.C. § 1983 and 1988.

**WHEREFORE**, the Town respectfully requests that this Court deny the Plaintiff's "Prayers for Relief" and instead enter judgment in favor of the Town on all counts of the complaint.

Respectfully submitted,
The Defendant,
The Town of Stow,
By its attorneys,


/s/ Deborah I. Ecker
Deborah I. Ecker, BBO# 554623
Deidre Brennan Regan, BBO# 552432
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: November 16, 2007

## CERTIFICATE OF SERVICE

      I, Deborah Ecker of the law firm of Brody, Hardoon, Perkins & Kesten, LLP, do hereby certify that on November 16, 2007, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which would then notify the following CM/ECF participants in this case:

**Michael C. McLaughlin, Esq.**
**Law Offices of Michael C. McLaughlin**
**One Beacon Street, 33rd Floor**
**Boston, MA 02108**
**[Attorney for the Plaintiff]**

**Richard A. Oetheimer, Esq.**
**Patricia Murphy, Esq.**
**Goodwin Proctor, LLP**
**Exchange Place**
**53 State Street**
**Boston, MA 02109**
**[Attorneys for Defendants Trust for Public Land**
**and Craig MacDonnell]**

      */s/ Deborah I. Ecker*
      Deborah I. Ecker, BBO# 554623

DATED: November 16, 2007