UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARILYN KUNELIUS,

    Plaintiff,

v.

TOWN OF STOW, et al.

    Defendants.

Civil Action No. 05-11697-GAO

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OMNIBUS MOTION TO STRIKE PORTIONS OF PLAINTIFF'S EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

Defendants The Trust for Public Land and Craig A. MacDonnell (collectively, "TPL") submit this Memorandum of Law in Support of their Omnibus Motion to Strike pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, seeking to strike the specified portions of the evidence filed by Plaintiff Marilyn Kunelius.

## INTRODUCTION

On her motion for summary judgment, Plaintiff has the burden of coming forth with admissible evidence sufficient to support her claims. Rule 56(e) requires affidavits submitted in connection with a motion for summary judgment to be made on personal knowledge, set forth admissible facts, and show that the affiant is competent to testify. Significant portions of the materials submitted in connection with Plaintiff's motion for summary judgment fail to meet these requirements. Plaintiff offers impermissible hearsay, legally conclusory statements, improper opinion testimony, and testimony not made on personal knowledge, all in contravention of the requirements of Rule 56(e). Consequently, this Court should strike the

following portions of Plaintiff's submission, and disregard them in ruling on the parties' motions for summary judgment.

## ARGUMENT

Rule 56(e) requires that affidavits "be made on personal knowledge," "set forth such facts as would be admissible in evidence," and "show affirmatively that the affiant is competent to testify" to the facts therein. Fed. R. Civ. Proc. 56(e). By the terms of Rule 56(e), parties may only offer evidence based on personal knowledge. *See Maiorana v. MacDonald*, 596 F.2d 1072, 1079-80 (1st Cir. 1979). "Of course, the requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise." *Perez v. Volvo Car Corp*, 247 F.3d 303, 315-16 (1st Cir. 2001) (internal citations omitted); *see also Kersey v. Dennison Mfg. Co., Inc.*, 1992 WL 71390, *13 n.45 (D. Mass. 1992). Additionally, conclusory allegations or impermissible speculation are not admissible on a motion for summary judgment. *See Over the Road Drivers, Inc. v. Transport Ins. Co.*, 637 F.2d 816, 819 (1st Cir. 1980).

Evidence that is inadmissible at trial may not be considered on summary judgment. *Noviello v. City of Boston*, 398 F.3d 76 (1st Cir. 2005). Thus, "[i]t is black-letter law that hearsay evidence cannot be considered on summary judgment." *Bennett v. Saint-Gobain Corp.*, --- F.3d ---, 2007 WL 3227393 (1st Cir.) (Nov 2, 2007), quoting *Davila v. Corporación de Puerto Rico para la Difusión Pública*, 498 F.3d 9, 17 (1st Cir. 2007); *see also, Maiorana*, 596 F.2d at 1080; *Noviello*, 398 F.3d 76. Documents submitted at the summary judgment phase must be authenticated. *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000). "A motion to strike is the proper vehicle for challenging the admissibility of materials submitted in support of a motion for summary judgment." *Goguen ex rel. Estate of Goguen v. Textron, Inc.*, 234 F.R.D. 13,

16 (D. Mass. 2006), citing 11 James W. Moore et al., Moore's Fed. Prac. § 56.14[4][a] (3d ed. 1997).

Plaintiff has offered evidence in support of her motion for summary judgment from each of these improper categories. As outlined below, these submissions should be stricken from the record, and form no basis for the Court's ruling on the motions for summary judgment.

I.  **Plaintiff's Affidavit Contains Impermissible Speculation and Must Be Stricken in Part.**

Plaintiff offers testimony in her affidavit that has no apparent basis in her personal knowledge. She testifies that the original sale to Cohousing, before TPL accepted assignment of the right of first refusal for her property, was justifiably certain because it was classified under a section of Massachusetts law, Section 40B. *See* Kunelius Aff. ¶ 2(d) ("*The certainty of the sale based upon 40B was justified* as it related to the minor contingencies that were in the P&S relative [to] Cohousing's due diligence on the property.") (emphasis added). Plaintiff also asserts that Cohousing "completed due diligence," *see id.*, and was negotiating in good faith, *see* Kunelius Aff. ¶ 3 ("… My entire focus during the negotiation of the P&S was to assure myself of the greatest possibility of the sale going through based upon the 40B development and *the good faith of Cohousing* that I had observed during the negotiations." (emphasis added)). These statements are clearly meant to establish to the Court that the real estate transaction with Cohousing was all but completed.

Yet Plaintiff cannot speculate as to the outcome of a real estate transaction that was never consummated; this testimony lies well outside of the personal knowledge required of admissible evidence. Nor does Plaintiff even attempt to lay a foundation for her opinion about the ultimate outcome of the transaction, her opinion on whether Cohousing completed "due diligence," or

3

what "due diligence" even means. Her conclusion about Cohousing's good faith is subject to the same insufficiencies, notwithstanding her claim to have "observed" it during negotiations.

Plaintiff also offers conjecture about the prospects for success of hypothetical development scenarios. *See* Kunelius Aff. ¶ 8 ("... I can state with certainty that if Cohousing had offered the purchase price contingent upon obtaining variances and permits I would not have signed the P&S because *I was aware that Stow was hostile to development* and *such variances and permits would be virtually impossible to obtain on my property*." (emphasis added)). Not only does Plaintiff testify as to a set of facts that never arose; she speculates as to the likelihood of Stow officials granting variances and permits that were never sought. Her characterization of Stow's attitude towards development is plainly not admissible lay opinion under Rule 701; thus, it should not be considered on summary judgment.

Given their inconsistencies with the basic requirements of admissibility, this Court should strike ¶ 2(d), ¶ 3, and ¶ 8 from Plaintiff Marilyn Kunelius's affidavit.

## II. The Kachajian Affidavit Contains Multiple Pieces of Hearsay and Must Be Stricken in Part.

Plaintiff also offers the affidavit of Peter Kachajian, her real estate attorney. The Kachajian Affidavit likewise contains inadmissible evidence which can neither support Plaintiff's claim for summary judgment, nor resist Defendants' motion.

Specifically, Kachajian's affidavit relates impermissible hearsay. He purports to recount conversations with Jacob Diemert, Stow's now-deceased former Town Counsel, which are plainly hearsay and fit into no exception in the Federal Rules of Evidence. *See* Kachajian Aff. ¶ 8 ("I had several discussions with Stow's Town Counsel, Jacob Diemert, regarding to the fact that Stow knew that TPL wanted to strip my client of the charitable deduction. Mr. Diemert indicated to me that he found TPL's position unacceptable."), cited at Pl. SUF ¶ 32. Untangling

4

the layers of representations in this statement, it appears that Kachajian is testifying that Diemert said that the Town knew that TPL intended to do something. This is compound hearsay, with Diemert's supposed statement as the most obviously inadmissible representation. Diemert's statements are hearsay in the "declarant unavailable" category, *see* F.R.E. 804(a)(4), yet none of the exceptions apply. Diemert's supposed statements concerning TPL's alleged bad acts would not have subjected Diemert to liability or pecuniary or other adversity sufficient to qualify as a statement against interest per Rule 804(b)(3), and none of the other exceptions are even arguably relevant. These statements are impermissible hearsay.

Kachajian also presents an additional piece of hearsay; he claims that the Town threatened Plaintiff with repeated exercises of the Chapter 61 right of first refusal (ROFR) if she ever tried to sell her property in the future. *See* Kachajian Aff. ¶ 11 ("Stow informed me that any subsequent attempt by Ms. Kunelius to sell her property to a developer who intended to use M.G.L. c. 40B would be met with a similar exercise of the ROFR."). In addition to being contrary to the weight of the evidence, *see* TPL Supp. App. Ex. 5, Board of Selectmen's Minutes, November 25, 2003 (Board voted not to re-exercise right of first refusal if Cohousing returned), this statement on its face is hearsay. Without attributing it to a particular speaker, Plaintiff cannot establish that it fits the exclusion for admissions of a party-opponent as against the Town. *See* F.R.E. 801(d)(2). Even if Plaintiff could attribute the remark to someone with the authority to make representations on the Town's behalf, the statement would not be admissible as against TPL or MacDonnell.

Thus, Defendants request that the Court strike ¶ 8 and ¶ 11 from the Kachajian Affidavit.

III. **Plaintiff's Appendices Contain Additional Hearsay, Speculation, Conclusory Statements, and Unauthenticated Documents and Must Be Stricken in Part.**

Plaintiff's reliance on inadmissible evidence is not limited to her summary judgment affidavits. The dual appendices filed with her motions for summary judgment also contain much hearsay and other inadmissible evidence.

A. **Serena Furman's Testimony Regarding TPL's Conduct as a Non-Profit Should Be Stricken in Its Entirety.**

As part of her attempt to damage TPL's reputation, Plaintiff offers the deposition testimony of Serena Furman, a member of the citizen group Friends of Red Acre ("FORA"), to establish that TPL's conduct did not meet some requisite level of virtuousness appropriate for a non profit. See Pl. Mot. Ex. D, Furman Dep. Tr. Vol. I at 110:4-9,[1] cited at Pl. Mem. at 34 ("it seems very wrong to me that ... they went back on [their promise] – that's behaving as a business man under his legal rights, but it is not behaving as a non-profit does"). This testimony is inadmissible on many levels. Furman's opinion of TPL's conduct is irrelevant to any legal claim in this case; her testimony is a conclusory assertion rather than a statement of fact; her testimony cannot properly be qualified as lay opinion under Rule 701; and Ms. Furman certainly has no expertise under Rule 702 to testify as to the conduct appropriate for non-profit organizations.

B. **The Letter from Jacob Diemert Is Impermissible Hearsay If Offered For Its Truth.**

Plaintiff also relates extensive facts and derives a lengthy block quote from a February 10, 2003 letter from Town Counsel Jacob Diemert to William Wrigley, the Town Administrator. See Pl Mot. Ex. L, KUN428-429, cited at Pl. Mem. at 50. Diemert advised Wrigley that, among

---

[1] As noted in TPL's Memorandum in Opposition, Plaintiff has unaccountably filed two appendices on summary judgment—one in support of her Motions for Summary Judgment, and one in support of her Memorandum of Law. Consequently, there is no unique identifier for each of her exhibits. Throughout TPL's submissions, exhibits from Plaintiff's Motion Appendix are designated "Mot. Ex." and those from her Memorandum Appendix are designated "Mem. Ex."

6

other things, the Town would retain significant legal exposure after the assignment, and therefore Diemert recommended seeking an indemnification agreement. *Id.* Insofar as these statements are offered for their truth, they are hearsay. As noted above concerning Diemert's other statements, they fall in the declarant unavailable category, and no exceptions apply.

**C.     The Beacon Villager Article is Hearsay and Should Be Stricken.**

Plaintiff cites a Beacon Villager article as evidence of statements made by Craig MacDonnell. See Pl. Mem. Ex. DD, TPL-KUN 01488, cited in Pl. Mem. at 21 ("MacDonnell, however, replied that trust would not adopt the rights of first refusal, if the organization was not absolutely certain it could pay the asking price. 'Developers aren't always able to make their promises ... If we accept the terms of this project, this Landowner will be made whole,' he said."). The article is hearsay and must be stricken. *See Horta v. Sullivan*, 4 F.3d 2, 8 (1st Cir. 1993) (newspaper article inadmissible on summary judgment even where it purported to relate statements of a party-opponent).

**D.     The Jones Memorandum is Irrelevant and Insufficiently Authenticated and Should Be Stricken.**

To show the purported concerns of the Town's Board of Selectmen, Plaintiff offers a document supposedly submitted by one member during a board meeting but not included in the board's official records. See Complaint Ex. 6, cited in Pl. SUF ¶ 68, Pl. Mem. at 51. In his deposition, the author of the document testified that he could not recall whether it was even distributed at the board meeting, although "generally, when [he] worked up something like this, [he] distributed it to people." TPL Supp. App. Ex. 4, Jones Dep. Tr. at 37:5-10. Given that Plaintiff offers this document as definitive proof of the mental state of the Board of Selectmen, TPL and MacDonnell submit that this is not sufficient authentication. This Court cannot be sure that this document was even discussed at a board meeting, let alone that it is an accurate

7

representation of what it purports to be – namely, the specific concerns of the Board of Selectmen at a particular point in time, as opposed to merely the personal opinion of its author, who cast the only vote against the assignment of the ROFR to TPL.

Furthermore, the Jones Memorandum is irrelevant because it postdates not only TPL's exercise of the ROFR but also its default on the Purchase and Sale Agreement ("P&S"). *See* TPL Supp. App. Ex. 4, Jones Dep. Tr. at 43:10-14 ("Q: Can you assume from that statement that this letter was written after September 26, 2003? A: Yes. ... I think it was a November or December meeting."). The only apparent purpose of Plaintiff's proffer of this evidence is as part of her general effort to paint TPL and MacDonnell in a poor light. But this is not the standard for legal relevance under Rule 401; Plaintiff has to show that evidence tends to prove a fact that is of consequence in this case. Plaintiff does not explain how a document supposedly articulating the Board's concerns *after* the contract was breached could be relevant to a contract action, or any of the other claims Plaintiff has brought centering on TPL's default. Because it is irrelevant and insufficiently authenticated, the Jones Memorandum should be disregarded on summary judgment.

### E.    The Unauthenticated Appraisal Letter Is Hearsay and Should Be Stricken.

Plaintiff also presents a letter from TPL's outside real estate appraiser as evidence of the contents of the P&S. See Pl. SUF ¶ 47, citing Pl. Mot. Ex. DD, TPL-KUN 01317-01318. This letter is not just poor evidence of the meaning of the P&S; if offered to prove the contents of the P&S it is also an out-of-court statement offered for the truth of the matter asserted, and thus hearsay not within any exception. The letter specifically provides "We have been informed by you that the $1,116,900 represents the 142 Red Acre Road property and approximately 8 acres of 144 Red Acre Road..." *Id.* If offered to prove MacDonnell's statement to the appraiser, it is double hearsay. While a statement of MacDonnell, if sufficiently proven, may qualify as an

8

LIBA/1846277.1

admission under Rule 801(d)(2), the letter itself remains inadmissible. Furthermore, Plaintiff offers no testimony authenticating the letter, and MacDonnell was not asked about it at deposition; consequently, the letter should also be excluded for lack of authentication and a proper foundation.

### F. All of Plaintiff's Evidence Regarding TPL's Alleged Instructions Not to Fundraise Are Hearsay or Based on Hearsay and Must Be Stricken.

Plaintiff offers multiple pieces of inadmissible evidence to show that TPL allegedly ordered a halt to fundraising on the Kunelius project. *See* Pl. SUF ¶ 85. First, Plaintiff submits the deposition testimony of Serena Furman, who refers to a document that she supposedly co-authored and testifies not from her independent memory of the facts, but only as to what can be assumed from the content of the document. *See* Pl. Mot. Ex. D, Furman Dep. Tr. Vol. I at 151:21-152:6, cited in Pl. SUF ¶ 85 (Q: "…Did you inform the town that TPL had instructed the Friends of Red Acre not to do fund-raising?" A: "Why wouldn't you assume that in the second to last paragraph, since it was TPL that decided not to fundraise during the critical period from January through June, directing their staff and our citizens group to suspend fundraising?"). Plainly, her deposition testimony is not based on personal knowledge or independent recollection, but on what she is reading from the document itself; thus it lacks the foundation required by Rule 56(e) and should be stricken.

The documents Plaintiff uses to prove this point are likewise inadmissible. The document that Furman refers to in her deposition is inadmissible hearsay. See Pl. Mot. Ex. EEE, TPL-KUN 01621-01622, cited in Pl. SUF ¶ 85. The document purports to be a letter to a Town official co-authored by six FORA members listing a variety of apparent complaints against TPL. The letter itself is an out of court statement that Plaintiff offers to prove the truth of the matter asserted—that TPL ordered FORA not to fundraise. It does not fit any hearsay exception;

consequently, it is inadmissible hearsay under Rule 802. Plaintiff also offers an email sent by Peter Christianson to other members of FORA to prove that TPL told the group not to fundraise. *See* Pl. Mot. Ex. FFF, FURMAN 0087-0089, cited in SUF ¶ 85. This email is textbook hearsay, and thus inadmissible.

Since Plaintiff's only evidence of TPL's supposed instructions to curtail fundraising are two pieces of hearsay and deposition testimony based directly on an inadmissible document rather than the witness's independent recollection, Plaintiff's SUF ¶ 85 should be disregarded by the Court in ruling on summary judgment.

## **CONCLUSION**

The requirements of Rule 56(e) are clear. Plaintiff has submitted a record scattered with hearsay, conclusory statements lacking any foundation, improper lay opinion testimony, and other inadmissible evidence. This evidence cannot be considered on summary judgment and must be stricken from the record.

Respectfully submitted,

THE TRUST FOR PUBLIC LAND and
CRAIG A. MACDONNELL

By their attorneys,

*/s/ Richard A. Oetheimer*
Richard A. Oetheimer (BBO # 377665)
Patricia M. Murphy (BBO # 665056)
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated: November 16, 2007

## CERTIFICATE OF SERVICE

I, Richard A. Oetheimer, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 16, 2007.

                                                         */s/ Richard A. Oetheimer*
                                                         Richard A. Oetheimer

LIBA/1846277.1