UNITED STATES DISTRICT COURT
(DISTRICT OF MASSACHUSETTS)

CIVIL ACTION NO. 05-11697-GAO

MARILYN KUNELIUS,
        PLAINTIFF,

V.

TOWN OF STOW separately, A PARTNERSHIP OF UNKNOWN NAME BETWEEN TOWN OF STOW and THE TRUST FOR PUBLIC LAND, THE TRUST FOR PUBLIC LAND separately and CRAIG A. MACDONNELL, in his individual capacity,
        DEFENDANTS.

**PLAINTIFF'S RESPONSE TO THE TOWN OF STOW'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

NOW COMES the Plaintiff with this Response to The Town of Stow's ("Stow") Statement of Undisputed Material Facts and to a "Background" section of Stow's Memorandum of Law in Support of Its Motion for Summary Judgments,[1] stating as follows:

    1.    The Plaintiff disputes the Proposed Undisputed Fact #4.  The Plaintiff states that she had classified under M.G.L. c. 61 as forest land only a portion of her Property.  (See Exh. G to Plaintiff's Memorandum[2], Affidavit of Kunelius, pg. 1, ¶1; see also Exh. H to Plaintiff's Memorandum, Affidavit of Kachajian, pg. 1, ¶1; see also Exh. I to Plaintiff's Memorandum, Affidavit of Boothroyd, pg. 1, ¶1; see also Tab. 15 to TPL's Appendix).

---

[1] The facts in the "Background" section of Stow's Memorandum of Law in Support of Its Motion for Summary Judgments are drawn from Stow's Statement of Undisputed Material Facts and as such are subject to the Plaintiff's Response.
[2] Plaintiff's Memorandum in Support of Summary Judgment Motions Against The Town of Stow, The Trust for Public Land, Craig A. MacDonnell, and the Partnership of Unknown Name Between the Town of Stow and The Trust for Public Land.

2. The Plaintiff disputes the Proposed Undisputed Fact #5. The Plaintiff states that she had classified under M.G.L. c. 61 as forest land only a portion of her Property. (See Exh. G to Plaintiff's Memorandum, Affidavit of Kunelius, pg. 1, ¶1; see also Exh. H to Plaintiff's Memorandum, Affidavit of Kachajian, pg. 1, ¶1; see also Exh. I to Plaintiff's Memorandum, Affidavit of Boothroyd, pg. 1, ¶1; see also Tab. 15 to TPL's Appendix).

3. The Plaintiff disputes the Proposed Undisputed Fact #14 to the extent that Proposed Undisputed Fact #14 is intended to demonstrate that TPL paid $11,500 to the Plaintiff, which it did not. (See Exhs 4 and 5 to Plaintiff's Opposition[3]).

4. The Plaintiff disputes the Proposed Undisputed Fact #15. the Plaintiff relies on the numerous references to the partnership agreement contained in the Memorandum in Support of her various Motions for Summary Judgment.

5. The Plaintiff disputes the Proposed Undisputed Fact #16. The Plaintiff states that Proposed Undisputed Fact #16 is not supported by any documents, affidavits, etc., but rather it refers to TPL's Statement of Undisputed Facts

6. The Plaintiff disputes the Proposed Undisputed Fact #17. The Plaintiff states that there was no fundraising by TPL and Stow was informed of this fact by FORA. (See Exh. FF to Plaintiff's Memorandum, TPL-KUN1621, a letter of FORA to Ross Perry, Chairman of the Board of Selectmen).

7. The Plaintiff disputes the Proposed Undisputed Fact #18. The Plaintiff states that she did not get the $11,500 from TPL, but from FORA's donation to Stow's

---

[3] The Plaintiff's Opposition to The Trust for Public Land's, Craig A. MacDonnell's and The Town of Stow's Motions for Summary Judgment.

Conservation Preservation Committee.  (See Exh. Q to Plaintiff's SJM, Furman deposition, Vol. II, pg. 116, ln. 18 -117, ln. 16; see also Exh. 5 to Plaintiff's Opposition).

8. The Plaintiff disputes the Proposed Undisputed Fact #20.  MacDonnell intended to poison the Property.  (See  Exh. F to Plaintiff's Memorandum, Boothroyd deposition, pg. 162, ln. 10 – ln. 17 and pg. 183, ln. 9 - ln. 16).

9. The Plaintiff disputes the Proposed Undisputed Fact #21.  The Plaintiff did not receive anything that would be considered a valid offer under Massachusetts law. (See Exh. F to Plaintiff's Memorandum, Boothroyd deposition, pg. 152, ln. 15 – ln. 20; see also Exh. Q to Plaintiff's SJM, Furman Deposition, Vol. II, pg. 96, ln. 22 – pg. 101, ln. 21).

Respectfully submitted,

Marilyn Kunelius,

By her Attorney,

Dated: November 16, 2007    By:    */s/ Michael C. McLaughlin*
Michael C. McLaughlin BBO# 337350
Law Offices of Michael C. McLaughlin
One Beacon Street, 33rd Floor
Boston, MA 02108
617-227-2275
michaelcmclaughlin@speakeasy.net

## CERTIFICATION UNDER LOCAL RULES 7.1

I, Michael C. McLaughlin, certify that I have conferred with opposing counsel and have attempted in good faith to resolve and narrow the issue.

Dated: November 16, 2007            */s/ Michael C. McLaughlin*
Michael C. McLaughlin

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 16, 2007.

                                                */s/ Michael C. McLaughlin*
                                                Michael C. McLaughlin